## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Surgret Urania Doss
Plaintiff, PRO SE

v.

Civil Case Number: 8:17 -CV -653

**DEMAND FOR JURY TRIAL**

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWALT, INC.,
ALTERNATIVE LOAN TRUST 2005-44, MORTGAGE
PASS -THROUGH CERTIFICATES, SERIES 2005-44 (A New York Corporation),
ALDRIDGE PITE, LLP (A Georgia Corporation),
NEW PENN FINANCIAL dba SHELLPOINT
MORTGAGE SERVICING (A New York Corporation),
Judge Gregory Holder, Pat Frank, Bob Henriquez, and David Gee
Defendants.

## PLAINTIFF'S EMERGENCY COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY JUDGMENT, AND PERMANENT INJUNCTIVE RELIEF AS AMENDED AND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### INTRODUCTION

COMES NOW, Plaintiff, Surgret Urania Doss, Pro Se, is respectfully requesting this Court issue a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief and Damages for violations against defendants BANK OF NEW YORK MELLON, hereafter referred to as BONYM, SHELLPOINT MORTGAGE SERVICING, hereafter referred to as Shellpoint, and ALDRIDGE PITE, LLP, hereafter referred to as ALPITE, Judge Gregory Holder, Pat Collier Frank, Bob Henriquez, David Gee and any and all state and local actors, employees, agents, agencies, or the like. The acts of the Defendants, both independently and collectively, raise valid state and federal claims; the state law claims do not predominate Federal

Law Claims. Plaintiff therefore incorporates Defendants independently and collectively and states the following:

Surgret Urania Doss, Pro Se, Plaintiff, (Surgret Doss or Mr. Doss) is a resident of Florida, and lawfully resides(d) at 4336 Spinnaker Cove Lane, 33615 and brings this action as a protected citizen of the United States, thereby protected by the United States Constitution. Plaintiff's current mailing address is 3612 North 55th Street, Tampa, Florida 33619. *"[A] pro se petitioner's pleadings should be liberally construed to do substantial justice." United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999).*

## FACTS

Plaintiff has been dispossessed of property, his home, without notice and without a hearing and in violation of rights secured by Amendment 14 of the Constitution of the United States. In support of all allegations, Plaintiff states:

1.  David Acevedo purchased the property via Sale on January 11, 2016 and was given Certificate of Title showing him as the lawful owner from the office of Pat Frank, Clerk of Courts for Hillsborough County Florida. (Exhibit A)

2.  Certificate of Title states: "The undersigned Clerk of The Circuit Court certifies that he executed and filed a Certificate of Sale… no objection to sale has been filed…." (Exhibit A1)

3.  Surgret Doss purchased home from David Acevedo and subsequently recorded the property via Quitclaim into the Public Records of Hillsborough County Florida on April 25, 2016 and the transaction was verified by Pat Frank Clerk of the Courts. (See Exhibit B).

4.  Plaintiff became the owner of record and was listed as the owner of the subject property and was listed as such by Property Appraiser Bob Henriquez. (Exhibit C).

5.  The Hillsborough County Tax Collector sent the 2016 Notice Proposed Property Taxes to Plaintiff, with Surgret Urania Doss listed as the owner. (Exhibit D)

6.  Property Taxes were paid, in full, on November 23, 2016; Surgret Urania Doss is the listed Property Owner. (Exhibit E)

7.  At some point, the defendants, collectively have acted as conspirators against the rights of Surgret Doss by converting the property from his name into the name of another party.

8. On January 27, 2017 a NOTICE OF EVICTION/EXECUTION was posted on the property by an agent/employee of David Gee, Sherriff of Hillsborough County Florida, stating that the eviction would be effective by January 31, 2017. (Exhibit F)

9. Plaintiff filed a timely affidavit in support of ownership with the Clerk of the Circuit Court and the Sherriff (Pursuant to Fla.R.C.P. 1.580) on January 30, 2017. (Exhibit G)

10. Filing was constructive notice to all Defendants, that there was a dispute as to rights.

11. Plaintiff was never served notice of any action regarding HIS property nor was Plaintiff given an opportunity to defend his lawful claim to the property.

12. Plaintiff appeared at a Case Management conference on February 27, 2017 before Judge Holder and two attorneys associated with Plaintiff BONYM and Shellpoint.

13. The conference quickly devolved from a case management conference into an interrogation of Surgret Urania Doss by Judge Gregory Holder. (Exhibit H)

14. At no time did Judge Holder have any of the parties give any testimony related to the affidavit filed in support of ownership.

15. At the end of the Case Management conference Judge Holder asked the attorney if she had anything else to add, however did not allow any of Plaintiff's inquires to be answered.

16. On March 17, 2017, the Hillsborough County Sherriff's Department removed me from my property, without due process and while being aware that there was a dispute as to ownership; Sherriff's, as constitutional officers are not required to violate the constitution of the United States.

17. Surgret Doss was forced to turn over all keys, remotes. and other entry devices associated with the property.

18. A female purporting to be an agent for Shellpoint, Jill Conson (Charles Rutenberg Realty), supervised the changing of the locks on the front door and garage door entrance; my perception from what I was allowed to observe.

19. To date, plaintiff has not had an opportunity to defend his claim to the property.

20. Surgret Doss was never afforded a hearing prior to being forced from his home.

21. The only calls Surgret Doss has received is relative to the removal of his remaining property from the home; calls have come from Jill Conson and agents working for her.

22. Surgret Doss currently is living in a hotel and hoping to receive help from the Veterans Administration as he has been rendered homeless.

23. Plaintiff has suffered extreme emotional distress and loss of appetite as this property was taken without respect given to his rights to own property in contravention to the constitution; rights he was sworn to defend as a soldier in the United States Army.

24. All Publicly elected officials, because of their actions or inactions are directly responsible for breaching their constitutional duties of responsibility to Surgret Urania Doss.

25. All Publicly elected officials are vicariously liable for the actions of their agents, employees, servants, secretaries, etc. that may have violated the constitutionally protected rights of Surgret Doss.

26. Defendants BONYM, Shellpoint, and ALPITE, are liable for the damages, economically, psychologically, and emotionally as protected by federal laws of the United States.

## JURISDICTION AND VENUE

This action arises under the United States Constitution, particularly Article One, Section 10, Six and the Fifth, Eighth and Fourteenth Amendments, and under federal law, specifically, Federal Laws Title 42 U.S.C. § 1981, Title 42 U.S.C. § 1982, Title 42 U.S.C. § 1983, Title 42 U.S.C. § 1985 (2)(3) and Title 42 U.S.C. § 1986; and Title 18 U.S.C. §241 and Title 18 U.S.C. §242 if applicable and Under the Florida Constitution's Preamble, Article 1 Sections 2, 9, 10, 17, 21, 22 and 23; Article 2, Sections 3, and 5 and Article 8; and Florida Statutes Chapters 876.05 and Chapter 768.28.

Plaintiff Surgret Doss Restates and incorporates from above, This Court Has Jurisdiction over:

    a. Over Plaintiff's claims relating to violation of due process and requirement of proper service and notice.

    b. Over plaintiff's rights regarding adequate protection from harm by public

    b. Over Plaintiff's civil claims arising under the United States Constitution and federal law pursuant to 28 U.S.C. § 1331, Title 42 U.S.C. § 1981(a) and (c), § 1982, § 1983, and § 1985 (2)(3) and § 1986.

    c. Over Plaintiff's request for preliminary and permanent injunctive relief and damages under F.R.C.P. 65(a) ; over Plaintiff's request for a Temporary Restraining Order Under 65(b)(1)(a and b).

d. This court has jurisdiction pursuant to 28 U.S.C. §§ 2201-2202 as necessary to insure an injured party does not suffer continued violations of secured rights as protected by the constitution of the United States and over Plaintiff's prayer for declaratory relief.

f. The Diversity of Citizenship pursuant to 28 U.S.C. §1332 is met as each person or corporation is a citizen of different states, thus this court has jurisdiction.

g. This court has jurisdiction as the matter in controversy exceeds $75,000.00.

g. This court has jurisdiction over state law claims pursuant to 28 U.S.C. §1367 for violation of due process as well as Article 1, Sections Two and Nine of the Florida Constitution; the necessary nexus exist for supplemental jurisdiction.

h. This court has the power and authority to issue all writs necessary to preserve justice; 28 U.S Code § 1651. In support thereof, Plaintiff states the following:

i. This court has the power and authority to render the decision of the lower court void pursuant to Rule 60(b) "only if the court which rendered it lacked jurisdiction of the subject matter (as it did in this action) or of the parties, or if it acted in a manner inconsistent with due process of law." ***O'rourke Bros., 201 F.3d at 951; accord Beller & Keller.***

Venue is proper under 28 U.S.C. § 1391 in the Middle District of Florida because the entirety of the acts occurred in Florida. Each and all of the acts alleged herein were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, or custom within the territorial jurisdiction of this court.

## PARTIES
### THE PLAINTIFF SURGRET URANIA DOSS

Surgret Urania Doss, Pro Se, Plaintiff, (Surgret Doss) is a resident of Florida, and lawfully resides(d) at 4336 Spinnaker Cove Lane, 33615 in Hillsborough County; he is registered to vote from that address and has identification issued with the same address. For the purpose of mailing, all correspondence can be sent to 3612 North 55th Street, Tampa, Florida, 33619.

### THE DEFENDANTS

Defendant 1: THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2005-44, MORTGAGE PASS -THROUGH CERTIFICATES, SERIES 2005-44

(A New York Corporation), (hereafter known as BONYM) is incorporated under the laws of New York State and satisfies the diversity requirement of 28 U.S.C. 1332 because it uses the following address as a principle place of business:
Address: 225 Liberty Street
City and County: New York, New York
State and Zip Code: New York 10286
Phone Number for Counsel/ Debbie Satyal: 954-768-1619
Email: dsatyal@bakerdonelson.com
Secondary: ttkittilson@bakerdonelson.com


Defendant 2: ALDRIDGE PITE, LLP (A Georgia Corporation), (hereafter known as PITE) is incorporated under the laws of the State of Georgia and satisfies the diversity requirement of 28 U.S.C. 1332 because it uses the following address as a principle place of business:
Address: 3575 Piedmont Road, NE, Suite 500
City and County: Atlanta, Fulton County
State and Zip Code: Georgia, 30305
Phone Number for Counsel/ Gregory Wallach: 404-994-7339
Email: Floridaevictions@aldridgepite.com


Defendant 3: NEW PENN FINANCIAL dba SHELLPOINT MORTGAGE SERVICING (A New York Corporation), (hereafter known as Shellpoint) is incorporated under the laws of New York state and satisfies the diversity requirement of 28 U.S.C. §1332 because it uses the following address as a principle place of business:
Address: Two Grand Central Tower
City and County: New York, New York County
State and Zip Code: New York, 10017
Phone Number for CEO/ Jerry Schiano: 212-850-7700
Regional Manager: Dylan Veal
Email: Dveal@newpennfinancial.com


Defendant 4: Judge Gregory P. Holder is a Circuit Judge for the Thirteenth Judicial Circuit of the State of Florida and is obligated by Article 6 of the United States Constitution and the Laws of the United States. He is sued in his official capacity and for declaratory and injunctive relief only, IN THIS ACTION. At all times relevant to this Complaint, the conduct of Defendant Judge Holder was under color and authority of state law.
800 Twiggs Street, Room 513
Tampa, Florida 33602
Judicial Assistant: Laura Daniels
Phone: (813) 272-5247
Fax: (813) 307-3309
Email: circivdive@fljud13.org


Defendant 5: Pat Frank, Clerk of Court & Comptroller for the Thirteenth Judicial Circuit of the State of Florida and is obligated by Article 6 of the United States Constitution and the Laws of the

United States. He is obligated by virtue of the Florida Constitution pursuant to her Oath. She is a Constitutional Officer of the United States and Florida. She is sued in her official capacity and for declaratory and injunctive relief only, IN THIS ACTION. At all times relevant to this Complaint, the conduct of Defendant Pat Frank was under color and authority of state law.
County Center, 601 E. Kennedy Blvd.
Tampa, FL 33602
(813) 276-8100

Defendant 6: Bob Henriquez, Property Appraiser for the Thirteenth Judicial Circuit of the State of Florida and is obligated by Article 6 of the United States Constitution and the Laws of the United States. He is obligated by virtue of the Florida Constitution pursuant to her Oath. She is a Constitutional Officer of the United States and Florida. She is sued in her official capacity and for declaratory and injunctive relief only, IN THIS ACTION. At all times relevant to this Complaint, the conduct of Defendant Pat Frank was under color and authority of state law.
15th Floor County Center
601 E. Kennedy Boulevard
Tampa, Florida 33602-4932
Phone: (813) 272-6100
Fax: (813) 272-5519

Defendant 6: David Gee, Sherriff for Hillsborough County in the State of Florida is obligated by Article 6 of the United States Constitution and the Laws of the United States. He is obligated by virtue of the Florida Constitution pursuant to his Oath. He is a Constitutional Officer of the United States and Florida. He is sued in her official capacity and for declaratory and injunctive relief only, IN THIS ACTION. At all times relevant to this Complaint, the conduct of Defendant David Gee was under color and authority of state law.
2008 E. 8th Ave
Tampa, FL 33605
(813) 247-8000

Plaintiff incorporates all defendants equally and / or accordingly.

## PLAINTIFF SURGRET DOSS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
### AND INJUNCTIVE RELIEF (AS AMENDED)

Temporary restraining orders can protect against irreparable injury and preserve the status quo until the Federal District Court can rule on the merit. *Canal Auth. Of State of Florida v. Calloway, 489, F.2d 567, 572, (5th Cir. 1974).* A district court may grant a preliminary injunction only if the moving party shows that:

1) It has a substantial likelihood of success on the merits;

2) Irreparable injury will be suffered unless the injunction issues;

3) The threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

4) If issued, the injunction would not be adverse to the public interest.

## PLAINTIFF SURGRET DOSS' ARGUMENT FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE PROTECTION
## ALL DEFENDANTS

**Plaintiff incorporates all other defendants equally or accordingly AND incorporates by reference the allegations previously stated as fact in all preceding paragraphs and further, as support states:**

Surgret Doss is confident he can easily provide enough evidence to prove, just on the face of his evidence that there was deliberate misrepresentations by Defendants, collectively, with other actors to deprive him of his constitutionally protected rights under color of law.

State actors and constitutional officers Pat Frank, Bob Henriquez, Sherriff David Gee, and Gregory holder knew or should have known of their duty to ensure all prerequisites were properly met before removing Surgret Doss' name from the property register, removing Surgret Doss physically from the property, allowing any proceeding to continue without duly noticing Surgret Doss, and giving Surgret Doss a fair and impartial hearing.

Without the injunction, the Defendants could be rewarded, economically and otherwise for their heinous, fraudulent actions; plaintiff will be without the enjoyment of his property forever. Currently, most of plaintiffs possessions, household goods, and daughter's clothes are still in the property, thus reacquisition would be beneficial and legally proper; at least until proper proceedings can be undertaken.

Currently, I am without a home despite the fact that I purchased it as a bona fide purchaser and with value given. The clerks docket shows that BONYM did not give the clerk any monies, thus, plaintiff has already contributed, through David Acevedo's purchase, more than BONYM. Moreover, it would be a travesty to justice to allow anyone to benefit from a fraud, gross negligence, and wanton disregard to human rights and malice.

It is a widely known fact Countrywide (CWALT) issued many bad loans that have either been bought by Bank of America or settled in lawsuits, declared void, etc. Thus, the public interest would, in fact, be furthered by the having the court issue a temporary restraining order or temporary injunction on the property to give all parties an opportunity to prove all claims and insure no party receives an unjust enrichment or any other illegally obtained right to the property.

## RELIEF AS REQUEST FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

**WHEREFORE** Plaintiff prays this court use its power to issue all writs and orders as it deems necessary to effectuate justice. Furthermore, Plaintiff prays, as a matter of law, his access to the property be returned and the court issue an order under Federal Rule 65 restraining or as a Permanent Injunction stopping all local public officials and the other incorporated Defendants from access to the property until all matters concerning the property are resolved. Surgret Urania Doss request the Court issue a Declaratory Judgment Vacating all proceedings held in the state court relating to the subject property VOID as they failed to provide adequate protections under law to Surgret Urania Doss. Furthermore, plaintiff request the court require the subject property returned to Plaintiff at once until further proceeding may be held. Plaintiff should not have to continue to suffer because of the blatant violations of law by the defendants, collectively and individually. Plaintiff ask the court require BONYM, Shellpoint, and ALPITE pay $10,000.00 each for intentionally infliction of emotional distress and all other violations connected to the need for an injunction and TRO; OR allow Plaintiff access to the property until the settling of all other related claims stemming from their conduct.

**FURTHERMORE**, Plaintiff is asking the court to give consideration to the facts presented in the entirety of this pleading, moreover, there is an appointment on March 25, 2017 to remove the remaining property belonging to Plaintiff from the home. Plaintiff would like to remain in the home and have a hearing before continuing. Plaintiff ask the court to give a minimum tow week Temporary Restraining Order if a Permanent Order cannot be granted. Additionally, plaintiff ask that the court order parties to allow plaintiff access to the home in a live-in capacity until these preliminary actions are settled as plaintiff is functionally homeless.

## COUNT ONE
## VIOLATION OF SURGRET DOSS' FOURTEENTH AMENDMENT DUE PROCESS
## RIGHT TO A FAIR AND IMPARTIAL TRIAL
### Defendant Judge Holder

1. Plaintiff incorporate by reference all preceding and following paragraphs, and the violations of law, as if fully restated here and further state the following:

2. Due process requires that all proceedings be fair and impartial as not to lend to the appearance of impropriety.

3. Judge Holder failed to demonstrate impartiality as he solicited the opinion of one participant, the attorney for BONYM, but treated plaintiff Surgret Doss differently and with less respect than he afforded attorney.

4. Judge Holder, by virtue of his actions, treated Surgret Doss as if he improperly used the venue in attempting enforce his rights; which is well within Plaintiff's right.

5. Due process of law requires that the proceedings shall be fair as bias or prejudice either inherent in the structure of the trial system or as imposed by external events will deny one's right to a fair trial. *Tumey v. Ohio, 273 U.S. 510 (1927)*

6. Plaintiff's motives and economic status were more of an issue than plaintiff's right to the protection of rights as Judge Holder misrepresented the information on plaintiff's application of Civil Indigent Status. (Exhibit I).

7. Judge Holder's actions in one, calling the Case management and two, his behavior during the conference draws suspicion as to his motives.

8. A judge must have an ability to act impartially which is due to everyone within his presence even when in a non-judicial capacity. *Article 6, United States Constitution and Article 2, Florida Constitution* and *United States v Brummley 1997*.

9. Judge Holder behaved as if he were a Proxy-Lawyer for BONYM, Shellpoint and ALPITE in direct contravention of *18 U.S.C. § 1346*

10. Judge Holder even alluded to doing independent research on plaintiff, an obvious violation of the 14th Amendment. *In re Murchison, 349 U.S. 133, 136 (1955)*

11. Judge Holder, as a constitutional officer, has the inherent responsibility to protect against constitutional encroachments and definitely has no immunity when acting in willful

violation of well-established law regarding rights of others. By its terms, § 1983 "creates a species of tort liability that, on its face, admits of no immunities." *Imbler v. Pachtman, 424 U. S. 409, 424 U. S. 417*

### RELIEF AS REQUEST RELATING TO COUNT ONE

WHEREFORE as Plaintiff is and all time WAS entitled to many predeprivation hearings and maintained constitutional protection, plaintiff request the court render whatever decision necessary to effect justice and equity for Surgret Doss. This court has the power and authority to render the decision of the lower court void pursuant to Rule 60(b) "only if the court which rendered it lacked jurisdiction of the subject matter (as it did in this action) or of the parties, or if it acted in a manner inconsistent with due process of law." *O'rourke Bros., 201 F.3d at 951; accord Beller & Keller.* Plaintiff ask this honorable court to act accordingly in reversing the judgements as the lower court lacked jurisdiction to render any decisions related to Plaintiffs property.

### COUNT TWO
### GENERAL ALLEGATIONS
### VIOLATION OF SURGRET DOSS' 14TH AMENDMENT RIGHT TO DUE PROCESS

**Plaintiff incorporates all other defendants equally or accordingly AND incorporates by reference the allegations previously stated as fact in all preceding paragraphs and further, as support states:**

1. Plaintiff has been forced out of his home due to the orchestrated actions of the Defendants, acting in concert to keep me from challenging the authenticity of their actions.

2. This is a civil action in which Plaintiff seeks declaratory judgment and preliminary and permanent injunctive relief enjoining all Defendants, their agents, attorneys, employees and those acting in or on their behalf (collectively known "Defendants"), from acting in such a manner as to violate Plaintiff's right to own and protect his property as secured by the Fourteenth Amendment.

3. Plaintiff further ask the court for Declaratory and Injunctive relief as the egregiousness of the harm suffered to this point has rendered Plaintiff without access to his property.

4. An actual controversy exists between the parties involving substantial constitutional issues regarding who has a rightful and proper claim to the subject property and Plaintiff's right to adequate predeprivation procedural Due Process.

5. Due process requires, as an essential to protection against egregious acts by government, that every citizen has a right of notice and the right to defend against any claim before he/she can be denied of a fundamental right. *Mathews v. Eldridge, 424 U.S. 319(1976)*

6. In the instant matter, all defendants utilized the court as a mechanism to covert property from plaintiff to another using color of law and denying plaintiff the opportunity to defend his claims.

7. All of the Defendants, knew or should have known, I was the owner of the property and was entitled to notice and the right to defend.

### RELIEF AS REQUEST RELATING TO COUNT TWO

WHEREFORE as Plaintiff is and all time WAS entitled to many predeprivation hearings and maintained constitutional protection, plaintiff request the court render whatever decision necessary to effect justice and equity for Surgret Doss from state actor defendants Judge Gregory Holder, Pat Frank, Bob Henriquez, and David Gee. From Defendants BONYM, Shellpoint, and ALPITE, Plaintiff's seeks damages in the amount of $400,000.00 from each of the defendants for interfering with Plaintiffs rights under federal law.

## COUNT THREE
## VIOLATION OF EIGHT AMENDMENT PROHIBITION AGAINST
## CRUEL AND UNUSUAL PUNISHMENT
## DEFENDANT JUDGE GREGORY HOLDER

1. The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Judge Holder, acting as a state actor, violated plaintiff's right to defend property and be adequately noticed of all proceedings.

2. Moreover, to intermingle with the attorneys for the bank and have an investigation began are analogous to vindictiveness and mean-spirited.

3. Judge Holder has violated plaintiff's Eighth Amendment rights by demonstrating a deliberate indifference to the well-being of the plaintiff, the plaintiff's family, and anyone who cares about the plaintiff.

### RELIEF AS TO VIOLATION OF EIGHT AMENDMENT PROTECTIONS

**WHEREFORE,** Plaintiff request court grant relief it deems appropriate to ensure defendants do not continue their behavior. Moreover, Plaintiff is requesting a letter of apology from Judge Holder for not fulfilling his obligation to the citizens of the United States of American and the Citizens of Florida. As previously stated, plaintiff ask court to grant any other relief the court deems appropriate for the matter.

### COUNT FOUR
### VIOLATIONS OF PLAINTIFF'S RIGHT TO OWN PROPERTY,
### ALL PREVIOUSLY NAMED DEFENDANTS

**Plaintiff incorporates all other defendants equally or accordingly AND incorporates by reference the allegations previously stated as fact in all preceding paragraphs and further, as support states:**

Plaintiff has been subjected to deprivation of property rights due to the willful and negligent conduct of the defendants, collectively and individually in contravention of the Due Process Clause of the 14th Amendment and in violation of 42 U.S.C. § 1981, 42 U.S.C. 1982, and 42 U.S.C. 1983. Plaintiff again incorporates all Defendants, all alleged violations of federal law, previously stated and further states:

1. In the instant action, Plaintiff has been unlawfully removed from a property he lawfully purchased, recorded and had the right to possess. (Exhibits Attached)
2. Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the allegations by affidavits or other pleadings. *See Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000).*
3. Plaintiff has not been afforded proper notice and hearing in accordance with the 14th Amendment of the United States Constitution. *"The essential requirements of due process ... are notice and an opportunity to respond. The opportunity to present reasons, either in*

*person or in writing, why proposed action should not be taken is a fundamental due process requirement. "*

4.  Plaintiff has the same rights as all other citizens of the United States to own property and cannot be denied the opportunity to defend those rights based upon race, ethnicity or any other reason. *Jones v. Mayer CO. 392 U.S. 409 (1968)*

5.  Currently, Plaintiff is without the use of the property as the Hillsborough County Sherriff's Department, acting under Color of Law removed him from the property on March 17, 2017. *Monroe v. Pape. 365 U.S. 167 (1961).*

6.  The Defendants acted individually or in concert deprived Plaintiff of his right to own and enjoy the benefit of property in contravention of the United States Constitution and other federal law.

7.  Plaintiff is a protected class under federal law.

8.  Plaintiff could, and should, as the property has not been sold at this time, regain the property and use it until a hearing or trial is held to establish the merits of each party's claim to the property.

9.  Defendants were aware of status and standing of plaintiff, but still acted in concert to deprive plaintiff of property.

10. The courts are to prohibit profiting through deception, by either party. *Ryan v. Ryan 277 So. 2d 266 (1973)(Florida Supreme Court)*

## RELIEF AS TO COUNT FOUR FOR VIOLATIONS OF SURGRET DOSS' RIGHTS UNDER Title 42 U.S.C. § 1981, Title 42 U.S.C. 1982, and Title 42 U.S.C. 1983 and incorporated State Law Claims under Florida Constitution

**WHEREFORE,** Plaintiff Prays court award Plaintiff an amount commiserate with the proof provided of the gross negligence of the defendants collectively and individually. From Defendants Pat Frank, Bob Henriquez and David Gee, Plaintiff seeks declaratory judgment for admission of violations of previously stated federal law. From Defendants BONYM, Shellpoint, and ALPITE, Plaintiff's seeks damages in the amount of $400,000.00 from each of these defendants for interfering with Plaintiffs rights under federal law. Additionally, plaintiff ask the court require a letter of apology from ALL defendants.

## COMPLAINT FOR CONVERSION OF PROPERTY
## DEFENDANTS BONYM, Shellpoint, and ALPITE

**Plaintiff incorporates all defendants into this action pursuant to 28 U.S.C. §1332 as well as all prior allegations; Diversity of Citizenship applies to Defendants BONYM, Shellpoint, and ALPITE, as all parties reside or have principle places of business in different states. And the amount in controversy exceeds $75,000.00, thus venue is appropriate. Plaintiff incorporates previous and following statements as if restated:**

## STATEMENT OF CLAIM

**Defendant's actions, collectively and independently, have cause plaintiff the use of his home by orchestrating a fraudulent scheme, under color of law and in violation of plaintiff's right to own a home, to steal plaintiff's property.**

To prove conversion, a plaintiff must establish four elements: first, that the plaintiff owns or has the right to possess the personal property; attached exhibits prove that. Secondly, that the Defendant(s) intentionally interfered with the plaintiff's personal property to include exercising dominion over it; that has been completed as of March 17, 2017. Thirdly, that the interference deprived the plaintiff of possession or use of the personal property; that also was accomplished on March 17, 2017. And, finally, that the interference caused damage to the plaintiff's reputation and family.

1. The subject property, 4336 Spinnaker Cove Lane, Tampa, Florida is described in the Records of Hillsborough County as L 3 B 10 SPINNAKER COVE TOWNHOMES, according to the Plat thereof as recorded in Plat Book 94, Page 35, of the Public Records of Hillsborough County, Florida. The Property Address: 4336 SPINNAKER COVE LANE, TAMPA FLORIDA 33615 and has a Market Value of $440,000.00 according to internet sources.

2. Plaintiff purchased the subject property from David Acevedo on April 25, 2016.

3. The Defendants BONYM took legal possession of the property on August 23, 2016. The Defendant BONYM, in concert with Shellpoint and PITE, Morris, Schneider, and

Willstadt, and others orchestrated a scheme to place misrepresenting documents into the public records in an effort to obtain the subject property.

4. The misrepresentation of all agents and defendants operated outside of law, thus deprived the entire action of jurisdiction and renders subsequent action of the state actors void for lawlessness. ***Ableman v. Booth, 21 Howard 506 (1859)***

5. Defendants, collectively, have never had to provide proof of standing to bring the action in the state court thus, plaintiff was not afforded opportunity to defend his property.

6. Plaintiff challenges the standing of the Defendants, individually and collectively and request that the court compel all defendants and plaintiff to bring proof of standing to a hearing as soon as possible.

## RELIEF AS TO THE CONVERSION OF PROPERTY

**WHEREFORE,** Plaintiff Prays court award Plaintiff the subject property unencumbered and grant other relief as the court deems just and proper to include compensation for the emotional distress suffered by myself and my daughter who stays with me from time to time and attends school nearby. The embarrassment of having the deputies remove me from the property and the visual of the neighbors warrants considerable punishment to the Defendants. Plaintiff also seeks monetary relief in the amount of $440,000.00 compensatory damages and an additional $250,000.00 from each of the Defendants for the emotional turmoil caused by their negligent actions and wanton disregard for their duty of care to plaintiff.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial for all matters triable under law**

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 24, 2017


Surgret Urania Doss, Pro Se
3612 North 55th Street
Tampa, Florida 33619
surgretdoss@gmail.com
813-397-9350







$ 14,200.00

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR HILLSBOROUGH COUNTY

GENERAL CIVIL DIVISION

CASE NO: 15-CC-022806  Division L

SPINNAKER COVE TOWNHOMES
PROPERTY OWNERS ASSOCIATION,
INC.,

    PLAINTIFF(S)

vs.

MICHAEL WIOR; et al

    DEFENDANT(S)

RC

2016 JAN 22  AM 10: 34
FILED
CLERK CIRCUIT COURT

## CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on 01/11/2016 for the property described herein and that no objection to the sale has been filed within the time allowed for filing objections.

The following property in Hillsborough County, Florida:

SEE ATTACHED EXHIBIT "A"

was sold to:    DAVID ACEVEDO
whose address is:  4219 E 97TH AVE
    TAMPA, FL 33617

WITNESS my hand and the seal of this court on  JAN 2 2 2016



Pat Frank

Clerk of the Court

*Regina Carvalho*

Deputy Clerk
REGINA CARVALHO

THIS INSTRUMENT PREPARED BY: Regina Carvalho
Pat Frank, CLERK OF THE CIRCUIT COURT
P O BOX 989, TAMPA FL 33601

RETURN TO CIRCUIT CIVIL

THIS IS NOT A CERTIFIED COPY

EXHIBIT "A"

CASE NO: 15-CC-022806

Division L

**LOT 3, BLOCK 10, SPINNAKER COVE TOWNHOMES, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 94, PAGE 35, PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

Property Address: 4336 Spinnaker Cove Lane, Tampa, Florida 33615

RETURN TO CIRCUIT CIVIL



IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
**GENERAL CIVIL DIVISION**
CASE NO 15-CC-022806 Division L


Spinnaker Cove Townhomes Property Owners Association Inc
Vs.

Michael B. Wior et al.

## CERTIFICATE OF SALE


The undersigned Clerk of the Court certifies that notice of public sale of the property described in the Order of Final Judgment was published in the BUSINESS OBSERVER a newspaper circulated in Hillsborough County, Florida. On 01/08/2016 the property was offered for public sale to the highest bidder for cash. The highest and best bid received for the property was submitted by DAVID ACEVEDO, 4219 E 97TH AVE   TAMPA, FL 33617 to whom the property was sold.  The proceeds of the sale are retained for distribution in accordance with the order of final judgment.

WITNESS my hand and the seal of this court on January 11, 2016.

PAT FRANK
**CLERK OF THE COURT**


**Alexis De La Rosa, AS DEPUTY CLERK**





THIS IS NOT A
CERTIFIED COPY

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY FLORIDA

## QUITCLAIM DEED

THIS Quit Claim Deed, made this 22nd day of April, 2016, between:

David Acevedo, whose mailing address is: 4219 East 97th Avenue, Tampa, Florida 33617-4428 hereinafter called the First Party,

AND

Surgret Urania Doss, whose mailing address is: c/o 3612 North 55th Street, Tampa, Florida 33619-1540, hereinafter called the Second Party,

WITNESSETH, that the First Party, for and in consideration of the sum of TEN DOLLARS ($10.00) in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release, and quit-claim unto the said second party

THIS IS NOT A
CERTIFIED COPY

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY FLORIDA

## QUITCLAIM DEED

THIS Quit Claim Deed, made this 22nd day of April, 2016, between:

David Acevedo, whose mailing address is: 4219 East 97th Avenue, Tampa, Florida 33617-4428 hereinafter called the First Party,

AND

Surgret Urania Doss, whose mailing address is: c/o 3612 North 55th Street, Tampa, Florida 33619-1540, hereinafter called the Second Party,

WITNESSETH, that the First Party, for and in consideration of the sum of TEN DOLLARS ($10.00) in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release, and quit-claim unto the said second party

THIS IS NOT A
CERTIFIED COPY

State of Florida }

County of Hillsborough}

The foregoing instrument is acknowledged or sworn before me on this 25 day of
April , 2016 by David Acevedo who is personally known to
me or who has/have produced DL FL A21316984ao as identification and did take an
oath AND by Tool oath who is personally known to me or
has/have produced _____ as identification and did take an oath.

Witness my signature and official seal in the aforesaid state and county.

JUNIE MITCHELL
Notary Public (Printed Name)

Notary Public (Signature)

JUNIE MITCHELL
Notary Public - State of Florida
Commission # FF 217094
My Comm. Expires Apr 5, 2019
Bonded through National Notary Assn.

(Affix Notary Seal)

THIS IS NOT A CERTIFIED COPY

State of Florida   }

County of Hillsborough}

The foregoing instrument is acknowledged or sworn before me on this _25_ day of

_April_ , 2016 by _David Acevedo_ who is personally known to

me or who has/have produced _DL FL A213 169844_ as identification and did take an

oath AND by _Tool oath_ who is personally known to me or

has/have produced _____ as identification and did take an oath.

Witness my signature and official seal in the aforesaid state and county.

_JUNIE MITCHELL_

Notary Public (Printed Name)

Notary Public (Signature)



JUNIE MITCHELL
Notary Public - State of Florida
Commission # FF 217094
My Comm. Expires Apr 5, 2019
Bonded through National Notary Assn.

(Affix Notary Seal)

THIS IS NOT A
CERTIFIED COPY

forever, all the right, title, interest, claim and demand with the said first party has in and to the following described lot, piece or parcel of land, situate lying and being in the County of Hillsborough , State of FLORIDA to wit:

SEE SCHEDULE A, LEGAL DESCRIPTION ATTACHED.

Subject to covenants, restrictions, and easements of record and taxes for the current year.

**TAX FOLIO NUMBER: 011987-4420**

To have and to hold the same together with all and singular the appurtenance thereunto belonging or in anywise appertaining, and all the estate, right title, interest, lien, equity, and claim whatsoever of the first party either in law or equity, to the only proper use, benefit and behoof of the said second party.

IN WITNESS WHEREOF, the First party has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officer thereunto duly authorized, this ___ day of April , 2016.

_____
(Witness Signature)

Wanda L. Adams
(Witness Printed Name)

_____
(Witness Signature)

Alee Morgan
(Witness Printed Name)

THIS IS NOT A CERTIFIED COPY

forever, all the right, title, interest, claim and demand with the said first party has in and to the following described lot, piece or parcel of land, situate lying and being in the County of Hillsborough , State of FLORIDA to wit:

SEE SCHEDULE A, LEGAL DESCRIPTION ATTACHED.

Subject to covenants, restrictions, and easements of record and taxes for the current year.

**TAX FOLIO NUMBER: 011987-4420**

To have and to hold the same together with all and singular the appurtenance thereunto belonging or in anywise appertaining, and all the estate, right title, interest, lien, equity, and claim whatsoever of the first party either in law or equity, to the only proper use, benefit and behoof of the said second party.

IN WITNESS WHEREOF, the First party has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officer thereunto duly authorized, this 25 day of April , 2016.

_Wanda L. Adams_
(Witness Signature)

_Selee Morgan_
(Witness Signature)

Wanda L. Adams
(Witness Printed Name)

Llee Morgan
(Witness Printed Name)

THIS IS NOT A
CERTIFIED COPY

## SCHEDULE A

L 3 B 10 SPINNAKER COVE TOWNHOMES, according to the Plat thereof as recorded in Plat Book 94, Page 35, of the Public Records of Hillsborough County, Florida.

Property Address: 4336 SPINNAKER COVE LANE, TAMPA FLORIDA 33615

Prepared by: Guerline Bernard

Greg Doss Self-Help Services

Record and Return to: 5470 Busch Blvd., Suite 212

Temple Terrace, Florida 33617

THIS IS NOT A
CERTIFIED COPY

## SCHEDULE A

**L 3 B 10 SPINNAKER COVE TOWNHOMES, according to the Plat thereof as
recorded in Plat Book 94, Page 35, of the Public Records of Hillsborough
County, Florida.**

**Property Address: 4336 SPINNAKER COVE LANE, TAMPA FLORIDA
33615**

**Prepared by: Guerline Bernard**

**Greg Doss Self-Help Services**

**Record and Return to: 5470 Busch Blvd., Suite 212**

**Temple Terrace, Florida 33617**







Bob Henriquez
**Hillsborough County Property Appraiser**

https://www.hcpafl.org/
15th Floor County Ctr.
601 E. Kennedy Blvd, Tampa, Florida 33602-4932
Ph: (813) 272-6100

# Folio: 011987-4420

Bay Pointe Dr

Spinnaker Cove Ln

## Owner Information

| | |
|---|---|
| **Owner Name** | DOSS SURGRET URANIA |
| **Mailing Address** | 3612 N 55TH ST<br>TAMPA, FL 33619-1540 |
| **Site Address** | 4336 SPINNAKER COVE LN, TAMPA |
| **PIN** | U-11-29-17-642-000010-00003.0 |
| **Folio** | 011987-4420 |
| **Prior PIN** | U-11-29-17-ZZZ-000000-45540.0 |
| **Prior Folio** | 011978-4000 |
| **Tax District** | U - UNINCORPORATED |
| **Property Use** | 0106 TOWNHOUSE/VILLA |
| **Plat Book/Page** | 94/35 |
| **Neighborhood** | 209003.00 | Pelican Island/Reserve @ Tampa Bay |
| **Subdivision** | 642 | SPINNAKER COVE TOWNHOMES |

## Value Summary

| Taxing District | Market Value | Assessed Value | Exemptions | Taxable Value |
|---|---|---|---|---|
| County | $276,690 | $276,690 | $0 | $276,690 |
| Public Schools | $276,690 | $276,690 | $0 | $276,690 |
| Municipal | $276,690 | $276,690 | $0 | $276,690 |
| Other Districts | $276,690 | $276,690 | $0 | $276,690 |

Note: This section shows Market Value, Assessed Value, Exemptions, and Taxable Value for taxing districts. Because of changes in Florida Law, it is possible to have different assessed and taxable values on the same property. For example, the additional $25,000 Homestead Exemption and the non-homestead CAP do not apply to public schools, and the Low Income Senior Exemption only applies to countywide and certain municipal millages.

## Sales Information

| Book | Page | Month | Year | Type Inst | Qualified or Unqualified | Vacant or Improved | Price |
|---|---|---|---|---|---|---|---|
| 24032 | 1911 | 04 | 2016 | QC | Unqualified | Improved | $100 |
| 23845 | 1237 | 01 | 2016 | CT | Unqualified | Improved | $14,200 |
| 15193 | 1525 | 06 | 2005 | WD | Qualified | Improved | $455,600 |
| 14185 | 1239 | 08 | 2004 | WD | Unqualified | Improved | $706,500 |
| 12089 | 1599 | 10 | 2002 | WD | Unqualified | Improved | $100 |
| 11985 | 1213 | 09 | 2002 | WD | Unqualified | Improved | $2,750,000 |
| 11935 | 1660 | 08 | 2002 | WD | Unqualified | Vacant | $1,400,000 |

## Building Information
### Building 1

| | |
|---|---|
| **Type** | 24  | TOWNHOUSE |
| **Year Built** | 2004 |

### Building 1 Construction Details

| Element | Code | Construction Detail |
|---|---|---|
| Class | C | Masonry or Concrete Frame |
| Exterior Wall | 6 | Wd/Mtl Frm: Stucco |
| Exterior Wall | 7 | Masonry Frm: Stucco |
| Roof Structure | 3 | Gable or Hip |
| Roof Cover | 3 | Asphalt/Comp. Shingle |
| Interior Walls | 5 | Drywall |
| Interior Flooring | 8 | Carpet |
| Interior Flooring | 5 | Wood |
| Heat/AC | 2 | Central |
| Condition | 3 | Average |
| Bathrooms | 3.5 | |
| Bedrooms | 3.0 | |
| Stories | 3.0 | |
| Units | 1.0 | |



### Building 1 subarea

| Area Type | Gross Area | Heated Area | Depreciated Value |
|---|---|---|---|
| DCK | 296 | | $3,893 |
| BAS | 416 | 416 | $36,805 |
| FGR | 508 | | $22,472 |
| FST | 60 | | $2,654 |
| ADD | | | $0 |
| DCK | 66 | | $885 |
| FOP | 36 | | $796 |
| FUS | 1,032 | 1,032 | $82,192 |
| FOP | 12 | | $265 |
| ADD | | | $0 |
| FUS | 1,092 | 1,092 | $86,970 |

## Extra Features

| OB/XF Code | Description | Building | Year On Roll | Length | Width | Units | Value |
|---|---|---|---|---|---|---|---|
| 0210 | DOCK CONCRETE | 1 | 2009 | 0 | 0 | 222.00 | $6,036 |

## Land Information - Total Acreage: 0.04

| Use Code | Description | Zone | Front | Depth | Land Type | Total Land Units | Land Value |
|---|---|---|---|---|---|---|---|
| 0040 | CONDO/TOWNHOUSE | PD | 0.0 | 0.0 | UT | UNITS | 1.00 | $100 |

## Legal Description

| Legal Description | SPINNAKER COVE TOWNHOMES LOT 3 BLOCK 10 |
|---|---|





# 2016 NOTICE OF PROPOSED PROPERTY TAXES

**HILLSBOROUGH COUNTY TAXING AUTHORITIES**
Post Office Box 172146, Tampa, FL 33672-0146

Location: 4336 SPINNAKER COVE LN
Legal Descr: SPINNAKER COVE TOWNHOMES
LOT 3 BLOCK 10

PIN: U 11 29 17 642 000010 00003.0
Folio Number: 0119874420 U NX

SURGRET URANIA DOSS
3612 N 55TH ST
TAMPA FL 33619-1540

## DO NOT PAY
### THIS IS NOT A BILL

The taxing authorities which levy property taxes against your property will soon hold PUBLIC HEARINGS to adopt budgets and tax rates for the next year.

The purpose of these PUBLIC HEARINGS is to receive opinions from the general public and to answer questions on the proposed tax change and budget PRIOR TO TAKING FINAL ACTION.

Each taxing authority may AMEND OR ALTER its proposals at the hearing.

| REAL ESTATE | LAST YEARS TAXABLE VALUE (2015) | YOUR FINAL TAX RATE AND TAXES LAST YEAR (2015) | | CURRENT TAXABLE VALUE (2016) | YOUR TAX RATE AND TAXES THIS YEAR IF NO BUDGET CHANGE IS MADE (2016) | | YOUR TAX RATE AND TAXES THIS YEAR IF PROPOSED BUDGET CHANGE IS MADE (2016) | |
|---|---|---|---|---|---|---|---|---|
| Taxing Authority | COLUMN 1 | COLUMN 2 MILLAGE RATE | TAXES | COLUMN 3 | COLUMN 4 MILLAGE RATE | TAXES | COLUMN 5 MILLAGE RATE | TAXES |
| **COUNTY:** | | | | | | | | |
| General Revenue | 252,169 | 5.73220 | 1,445.48 | 276,690 | 5.44880 | 1,507.63 | 5.73220 | 1,586 |
| **PUBLIC SCHOOLS:** | | | | | | | | |
| School-State | 252,169 | 4.99900 | 1,260.09 | 276,690 | 4.73890 | 1,311.21 | 4.65800 | 1,288 |
| School-Local | 252,169 | 2.24800 | 566.88 | 276,690 | 2.13100 | 589.63 | 2.24800 | 622 |
| **MUNICIPAL:** | | | | | | | | |
| MSTU | 252,169 | 4.37450 | 1,103.11 | 276,690 | 4.16130 | 1,151.39 | 4.37450 | 1,210 |
| **OTHER DISTRICTS:** **WATER MGMT DIST:** | | | | | | | | |
| SWFWMD | 252,169 | 0.34880 | 87.95 | 276,690 | 0.33170 | 91.78 | 0.33170 | 91 |
| **INDEPENDENT SPECIAL DISTRICTS:** | | | | | | | | |
| Port Auth. | 252,169 | 0.15500 | 39.09 | 276,690 | 0.14750 | 40.81 | 0.14500 | 40 |
| Children's Bd | 252,169 | 0.45890 | 115.72 | 276,690 | 0.43560 | 120.53 | 0.45890 | 126 |
| Transit | 252,169 | 0.50000 | 126.08 | 276,690 | 0.47460 | 131.32 | 0.50000 | 138 |
| **VOTER APPROVED DEBT PAYMENTS:** | | | | | | | | |
| Environmental | 252,169 | 0.06040 | 15.23 | 276,690 | 0.06040 | 16.71 | 0.06040 | 16 |
| Unincorp Parks | 252,169 | 0.02590 | 6.53 | 276,690 | 0.02590 | 7.17 | 0.02590 | 7 |
| **OTHER:** | | | | | | | | |
| Library | 252,169 | 0.55830 | 140.79 | 276,690 | 0.52980 | 146.59 | 0.55830 | 154 |
| **TOTAL AD VALOREM PROPERTY TAXES** | | | 4,907.45 | | | 5,114.77 | | 5,282 |

| | COUNTY | | PUBLIC SCHOOLS | | MUNICIPAL | | OTHER DISTRICTS | |
|---|---|---|---|---|---|---|---|---|
| | 2015 | 2016 | 2015 | 2016 | 2015 | 2016 | 2015 | 2016 |
| | | | | | | | | |
| LESS APPLIED ASSESSMENT REDUCTIONS | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |





**Doug Belden, Hillsborough County Tax Collector**   2016   NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

**For Customer Service, please call 813.635.5200**

*Skip the Trip - Pay online at www.hillstax.org*
- E-Check - A **FREE** electronic payment from your checking account
- Credit Card - 2.35% fee is charged

Account No. A0119874420

| Pay this Amount | $0.00 |
|---|---|
| If Postmarked By | Nov 30, 2016 |

**Property Location**
4336 SPINNAKER COVE LN,
TAMPA,
33615

SURGRET URANIA DOSS
3612 N 55TH ST
TAMPA, FL   33619-1540

**Legal Description:**
SPINNAKER COVE TOWNHOMES
LOT 3 BLOCK 10

### Ad-Valorem Taxes

Tax District  U

| Taxing Authority | Telephone | Millage | Assessed Value | Exemption | Taxable Value | Tax Amount |
|---|---|---|---|---|---|---|
| COUNTY OPERATING | 813-272-5890 | 5.7322 | 276,690 | 0 | 276,690 | 1,586.04 |
| ENVIRONMENTAL LAND | 813-272-5890 | 0.0604 | 276,690 | 0 | 276,690 | 16.71 |
| COUNTY M.S.T.U. | 813-272-5890 | 4.3745 | 276,690 | 0 | 276,690 | 1,210.38 |
| LIBRARY-SERVICE | 813-273-3660 | 0.5583 | 276,690 | 0 | 276,690 | 154.48 |
| PARK BONDS - UNINCORPORATED | 813-272-5890 | 0.0259 | 276,690 | 0 | 276,690 | 7.17 |
| SCHOOL - LOCAL | 813-272-4064 | 2.2480 | 276,690 | 0 | 276,690 | 622.00 |
| SCHOOL - STATE | 813-272-4064 | 4.6580 | 276,690 | 0 | 276,690 | 1,288.82 |
| PORT AUTHORITY | 813-905-5132 | 0.1450 | 276,690 | 0 | 276,690 | 40.12 |
| HILLS CO TRANSIT AUTHORITY | 813-623-5835 | 0.5000 | 276,690 | 0 | 276,690 | 138.35 |
| CHILDRENS BOARD | 813-229-2884 | 0.4589 | 276,690 | 0 | 276,690 | 126.97 |
| WATER MANAGEMENT | 800-423-1476 | 0.3317 | 276,690 | 0 | 276,690 | 91.78 |

| Total Millage | 19.0929 |
|---|---|
| Total Ad Valorem Taxes | $5,282.82 |

### Non-Ad Valorem Assessments

| Authority | Telephone | Amount |
|---|---|---|
| WATER / SEWER IMPACT FEE | 813-964-2723 | 112.03 |
| STORMWATER MANAGEMENT | 813-272-5641 | 15.00 |
| SOLID WASTE DISPOSAL | 813-964-2739 | 91.32 |
| SOLID WASTE COLLECTION | 813-964-2739 | 131.43 |

| Total Non-Ad Valorem Assessments | $349.78 |
|---|---|
| Combined Taxes & Assessments | $5,632.60 |

Keep this portion for your records.
WALK-IN CUSTOMERS PLEASE BRING IN FOR YOUR RECEIPT

---

**Doug Belden, Hillsborough County Tax Collector**   2016   NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

Account No. A0119874420

SPINNAKER COVE TOWNHOMES
LOT 3 BLOCK 10

| Tax District  U | Escrow 11680 | Assessed Value | 276,690 |
|---|---|---|---|

Exemptions

*Skip the Trip - Pay online at www.hillstax.org*

| Pay this Amount | $0.00 |
|---|---|
| If Postmarked By | Nov 30, 2016 |

Detach this portion and return it with your payment.

**Make checks payable in US funds to:**

Doug Belden, Tax Collector
PO Box 30012
Tampa FL 33630-3012

SURGRET URANIA DOSS
3612 N 55TH ST
TAMPA, FL   33619-1540

11/23/2016          Receipt # 16-0-049924          $5,407.30          Paid





# FINAL NOTICE OF EVICTION/EXECUTION

TO ALL TENANTS OF _43 36  Pinnaker  Cove Ln_ , YOU ARE BEING EVICTED FROM
THESE PREMISES AS DIRECTED BY COURT ORDER ___15 CA-CD0071___ ISSUED BY THE
CIRCUIT/COUNTY COURT. THIS COURT ORDER REQUIRES THAT ALL PERSONS AND THEIR POSSESSIONS
ARE OFF THE PREMISES BY:

_9:00 AM Morning_                 _Tuesday_                   _1/31/17_
**TIME**                          **DAY**                    **DATE**

IF ALL PERSONS AND THEIR POSSESSIONS ARE NOT REMOVED BY THE STATED TIME, THE SHERIFF
WILL ENTER THE DWELLING AND REMOVE ANY REMAINING PERSONS.

**DAVID GEE, SHERIFF**
Hillsborough County, Florida

By: _____
**Deputy Sheriff**

_____
**Date and Time**

# NOTICE: WRIT OF POSSESSION EXECUTED

WRIT OF POSSESSION #_5-CA-00071_ , ISSUED BY THE CIRCUIT/COUNTY COURT FOR
HILLSBOROUGH COUNTY WAS FURTHER EXECUTED ON _03-17-17_ , BY EVICTING THE
OCCUPANTS OF_4336 Spinnaker Cove LN_ AND PLACING THE PLAINTIFF/AGENT IN POSSESSION
OF THE PREMISES. ANY PERSON ENTERING THESE PREMISES WITHOUT PERMISSION OF THE PLAINTIFF/
AGENT IS SUBJECT TO CRIMINAL PROSECUTION. PLAINTIFF/AGENT HAS BEEN ADVISED THAT ANY
PERSONAL PROPERTY LEFT ON THE PREMISES MUST BE DISPOSED OF IN ACCORDANCE WITH F.S. 713.691
AND F.S. 715.0 THROUGH F.S. 715.111.

☐OCCUPANTS NOT PRESENT FOR EXECUTION. COPY OF THIS NOTICE POSTED ON PREMISES

**DAVID GEE, SHERIFF**
Hillsborough County, Florida

By: _JACK BROCK_
**Deputy Sheriff**

_____
**Plaintiff or Agent**

_03-17-17_
**Date**

_11:00 AM_
**Time**

White Copy - Office           Canary Copy- Landlord           Goldenrod - Pink Copy - Tenant
4002 Rev. 03/06





# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,

## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

THE BANK OF NEW YORK MELLON PM
THE BANK OP NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWALT, INC., ALTERNATWE LOAN
TRUST2005-44, MORTGAGE PASSTHROUGH
CERTIFICATES, SERIES 2005-44

CASE: 15-CA-000071
DIVISION: E

Vs.

Surgret Urania Doss,
Intervener Defendant

_____/

## AFFIDAVIT OF THIRD PARTY IN SUPPORT OF RETAINING POSSESSION /

## DESIST THE ENFORCEMENT OF WRIT OF POSSESSION

## AND DEMAND FOR JURY TRIAL

**I, Surgret Urania Doss,** invoking Article 1 I, Section(s) 2, 9, and 12, 21, 22, and 23 of the Florida Constitution and by virtue of the protection of 7th, 14th, 9th, 4th, and the Supremacy Clause of Article VI of the United States Constitution, and in accordance with Rule 1.580 of the Florida Rules of Civil Procedure, being first duly sworn emphatically states:

1.  To my knowledge and based upon the records of the Clerk of Courts, David Acevedo lawfully purchased and owned the property located at 4336 Spinnaker Cove Lane, Tampa, Florida 33615, as of January 11, 2016. (see attached documents)

2.  David Acevedo and I entered into an agreement for me to purchase the house sometime in February of 2016.

3.  That on April 25, 2016, a Quitclaim Deed was recorded and placed into the Public Records

of Hillsborough County, by the Clerk of the Circuit Court of Hillsborough County, giving

me possession of and all rights to the property located at physical address:

4336 Spinnaker Cove Lane, Tampa, Florida 33615. (See attachments)

4. That I have received the 2016 NOTICE OF PROPOSED PROPERTY TAXES from the

Hillsborough County Taxing Authorities listing me as the responsible party. (See

Attachments)

5. That on January 27, 2017, a Writ of Possession was placed on the door of my property.

6. I am not named in the action for foreclosure.

7. That I was never properly served with any documents nor was an attempt made to have me

served so that I could lawfully defend my rights to ownership of this property.

8.  That I never gave permission to sell my property and no one contacted me then, nor now,

about compensation for the sale of my property.

9. That I NOW know that the attorney for the plaintiff filed for a summary judgment and a

writ of possession knowing I was the lawful owner of the property and utilized the courts

to effect a theft of the property.

10. That I have suffered extreme damages as a result of this violation to my constitutionally

protected right to be the owner of property and the potential income I could make either by

the sale of or the leasing of the property.

11. That I am not a TENANT occupying the property, as alleged by the attorney in their

petition for a Writ of Possession, but the OWNER of the property as Michael Wior was

foreclosed of rights to the Property in a prior foreclosure proceeding.

12. That I am unaware of any encumbrances on my property as the Certificate of Title shows

no party other than David Acevedo as the owner.

13. That I demand all rights secured by the constitution for Florida and the *United States* be

enforced and protected by those with the duty to adequately protect those rights.

14. That I direct the Sheriff to desist from enforcing the Writ until such time as I have had an opportunity to be heard in a court of law.

## DEMAND FOR JURY TRIAL

As this action is cognizable by law Pursuant to Amendments 4, 7, 9 and 14 of the Constitution for the *united states*, Article I, Sections 2, 9, 12, and 22 of the Florida Constitution, and Rule 1.430, I, Surgret Urania Doss DEMANDS the court schedule a jury trial to determine the merits of the entirety of this action as well as matters relating standing, money and property.

## DESIST ENFORCEMENT OF WRIT OF POSSESSION

To all concerned parties and to the Sherriff of Hillsborough County Florida, in accordance with Rule 1.580 of the Florida Rules of Civil Procedure, as well as the Constitutions for Florida and the *united states*, I ask that you uphold your oath to the Constitution and desist from enforcement of the Writ of Possession placed upon the property located at 4336 Spinnaker Cove Lane, Tampa, Florida 33615.

## RESERVATION OF RIGHTS

I reserve all constitutional claims for subsequent litigation in federal court by making on the record, at this outset, a reservation as to the disposition of the entire case by the state courts to preserve access to the federal forum including potential claims under 42 USC 1983. *Fields v. Sarasota Manatee Airport Authority, 953 F.2d 1299, 1303 (11th Cir. 1992) citing Jennings v. Caddo Parish School Bd., 531 F.2d 1331 (5th Cir. 1976).*

## VERIFICATION

**I, Defendant Intervener, Surgret Urania Doss**, hereby certifies, under penalty of perjury, that the information in the foregoing Affidavit are based upon my personal knowledge and, to the best of that knowledge, the information contained in the foregoing document is true and correct.

Surgret Urania Doss
4336 Spinnaker Cove Lane
Tampa, Florida 33615
813-397-9350

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH            )


The foregoing instrument was **SWORN TO AND SUBSCRIBED** before me on this the 28th day of January, 2017, by Surgret Urania Doss, who after first being duly sworn and _K_ produced as identification a _FL DL D200 798 68085 0_ , or _____ is personally known to me, deposes and states that the foregoing Affidavit, and the facts contained therein, are true and correct to the best of his knowledge and belief.

_Trevor L. Thornton_
Notary Public Printed Name

Notary Public Signature

Notary Public State of Florida
Trevor L. Thornton
My Commission FF 995526
Expires 05/24/2020





## In the Matter Of:

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.

---

## HEARING BEFORE

## THE HONORABLE GREGORY P. HOLDER

*February 27, 2017*

---



37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150

Case 8:17-cv-00653-JDW-AEP  Document 8  Filed 03/24/17  Page 49 of 66 PageID 153

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.     HEARING BEFORE
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

1     IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
      OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
2                         CIVIL DIVISION

3

      THE BANK OF NEW YORK MELLON f/k/a THE
4     BANK OF NEW YORK, AS TRUSTEE FOR THE
      CERTIFICATEHOLDERS OF THE CWALT, INC.,
5     ALTERNATIVE LOAN TRUST 2005-44 MORTGAGE
      PASS-THROUGH CERTIFICATES, SERIES          Case No.
6     2005-44,                                   2015-CA-000071

7                         Plaintiff,

8     vs.

9     MICHAEL B. WIOR, et al.,

10                        Defendants.
                                          /
11    — — — — — — — — — — — — — —

12

13                  CASE MANAGEMENT CONFERENCE

14        BEFORE:          THE HONORABLE GREGORY P. HOLDER
                           Circuit Court Judge
15

16        DATE:            February 27, 2017

17

18        TIME:            2:34 p.m. to 2:42 p.m.

19        PLACE:           HILLSBOROUGH COUNTY COURTHOUSE
                           800 East Twiggs Street
20                         Tampa, Florida

21

          REPORTED BY:     DAWN M. DANTSCHISCH, RMR, CRR
22                         Notary Public, State of
                           Florida at Large
23

24                         Pages 1 to 12

25



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

Case 8:17-cv-00653-JDW-AEP   Document 8   Filed 03/24/17   Page 50 of 66 PageID 154

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.                    HEARING BEFORE
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017                                  Page 2

1                          APPEARANCES:

2

3          DEBBIE SATYAL, ESQUIRE
           Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
4          100 Southeast Third Avenue, Suite 1620
           Fort Lauderdale, Florida 33394
5          (954) 768-1619

6          - and -

7          ROBERTA KOHN, ESQUIRE
           Law Offices of Roberta Kohn, P.A.
8          2404 Creel Lane, Suite 101
           Wesley Chapel, Florida 33544
9          (813) 909-0506
                  Attorneys for Plaintiff

10    ALSO PRESENT:

11
           Surgret Urania Doss
12         4336 Spinnaker Cove Lane
           Tampa, Florida 33615

13

14
                            INDEX
15
                                              PAGE
16
      PROCEEDINGS                               3
17
      REPORTER'S CERTIFICATE                   12
18

19

20

21

22

23

24

25



THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

HEARING BEFORE
Page 3

```
1              P R O C E E D I N G S
2        THE COURT:  All right.  Well, go ahead and
3   announce your names for the record, and we'll
4   proceed with the case management.
5        MS. KOHN:  Thank you.  Roberta Kohn for the
6   plaintiff.  And to my right --
7        MS. SATYAL:  Debbie Satyal, also for the
8   plaintiff.
9        THE COURT:  Good.  Thank you.  I went ahead,
10  even though I checked the Second District Court of
11  Appeal website this morning and again this
12  afternoon and repeatedly throughout the day to see
13  what, if anything, had been done by our appellate
14  court as it relates to the -- what they have been
15  treating as a motion to review, whatever that is.
16  And in any event, there's been no definitive
17  action, and as such, we're pretty much stayed.
18       Oh.  Very good.
19       THE BAILIFF:  Come on down, sir.  Take a seat
20  right there for me, sir.
21       (Mr. Doss and an unidentified female entered
22  the hearing room.)
23       MR. DOSS:  Good afternoon, people.
24       MS. KOHN:  Good afternoon.
25       THE COURT:  Ma'am, you can join us at the
```



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

1    table.  All are welcome.  It's up to you.

2         UNIDENTIFIED FEMALE:  I'm fine.  Thank you.

3         THE COURT:  Mr. Doss, although you have not

4    yet been granted intervenor status by this Court,

5    and while we're still awaiting a ruling from the

6    Second District Court of Appeal, I felt it might

7    be productive to have a case management

8    conference, given the status of this case as well

9    as other cases in which you are an attempted

10   intervenor.

11        Because, indeed, sir, I note that in your

12   filings within this case, you have indicated that

13   you are indigent and own no property; and yet in

14   your own affidavit filed in this case, you swear

15   that you are the owner of this property, having

16   received title from one each Mr. David Acevedo.

17        Obviously, those two representations are in

18   direct conflict.  And so, sir, I thought at least

19   today I would question you as it relates to your

20   sworn filing where you indicate you own no

21   property in this county, this state, or this

22   nation.

23        MR. DOSS:  When I filed the affidavit relative

24   to this action, they had already removed me from

25   the ownership for the --



37 North Orange Avenue
Suite 500
Orlando. Florida 32801
321.710.2150
www.DiscoveryLit.com

DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

HEARING BEFORE
Page 5

1    THE COURT:  Negative.  Final action has not

2    been taken.  And, indeed, in this case, as the

3    Second District Court of Appeal as pointed out, we

4    do not have finality at this point.

5        You filed this application for determination

6    on the 31st of January, 2017.  I have one in this

7    case.  I'm assuming that there are other documents

8    within the appellate courts and within these other

9    cases.  And if you'd like, I can give you the case

10   numbers:  16-CA-6505 before Judge Foster,

11   15-CA-6133 before Judge Cook, and 15-CA-8473

12   before Judge Barbas, where, in fact, I witnessed

13   your representation.

14       MR. DOSS:  8473?

15       THE COURT:  That would be correct.  I'm

16   assuming you know the names of these cases and the

17   numbers.

18       MR. DOSS:  No, I'm familiar with the cases.

19   I'm familiar with the cases.

20       THE COURT:  In each of those cases, you are

21   claiming to be an owner of those real properties;

22   again, in direct contravention of your sworn

23   statement January 31, 2017.

24       Sir, could you explain that discrepancy?

25       MR. DOSS:  At the time, the properties had



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

1   already been removed from my name.  So at the time

2   that I filed the affidavit -- I think this

3   property was removed sometime in August, and I

4   actually think I attached everything in my notice

5   for appeal.  The property was removed prior to me

6   doing the affidavit.

7       THE COURT:  Well, it was after that that you

8   filed your motion to intervene claiming that you

9   owned this property.  I can go back to the court

10  filings and actually show you the documents you've

11  filed, but I don't think that's necessary.

12      MR. DOSS:  I can -- no, I don't think it would

13  be necessary, either.  But whatever has to be done

14  in order for me to be able to make my lawful

15  position -- take my lawful position.  My issue of

16  standing is --

17      THE COURT:  Arguably, you've committed

18  perjury.  I've referred this matter to the Tampa

19  Police Department.

20      MR. DOSS:  Okay.

21      THE COURT:  I can tell you Detective Michael

22  Victor is actively investigating this case.

23      MR. DOSS:  Okay.

24      THE COURT:  What do you have to say?

25      MR. DOSS:  There is no willful intent to



37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

```
 1    perjure myself.  At the time that that affidavit
 2    was filed --
 3         THE COURT:  This is a sworn document.
 4         MR. DOSS:  No, I understand the legality of
 5    it, Judge Holder, quite clearly.
 6         THE COURT:  Okay.
 7         MR. DOSS:  I've taken oaths before.
 8         THE COURT:  And the illegality.
 9         MR. DOSS:  Well, the -- I don't think there's
10    any illegality relative to me.  The illegality is
11    somebody filing an action where they didn't have
12    standing.
13         THE COURT:  Who is David Acevedo?
14         MR. DOSS:  He was the owner of --
15         THE COURT:  You've claimed to have received
16    property from him in two separate cases.  I'd like
17    to know who he is.
18         MR. DOSS:  Four separate cases.
19         THE COURT:  Well, at least two that I've been
20    able to locate.
21         MR. DOSS:  Okay.  Well, there's been four.  He
22    bought the property from the auction that was
23    conducted by Pat Frank.  David Acevedo was the
24    prior owner of the property.
25         THE COURT:  What is your relationship with
```



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

HEARING BEFORE
Page 8

```
 1    Mr. Acevedo?

 2         MR. DOSS:  I just know him.

 3         THE COURT:  And do you live -- which property

 4    do you live in?

 5         MR. DOSS:  I live?

 6         THE COURT:  Reside.

 7         MR. DOSS:  Okay.  4336 Spinnaker Cove.

 8         THE COURT:  Okay.  The property the subject of

 9    this action.  Okay.  So, these other properties,

10    do you lease those out?

11         MR. DOSS:  I was.

12         THE COURT:  You were?

13         MR. DOSS:  I lease out 517 Tuscany.

14         THE COURT:  I see.  Well, at this point,

15    again, this action is, for all intent and

16    purposes, stayed until we receive word from the

17    Second DCA.

18         Did you have anything to add, ma'am?  I know

19    that I've monopolized this conversation.

20         MS. KOHN:  You're doing just fine, Your Honor.

21         THE COURT:  Thank you.

22         MR. DOSS:  To whom -- who can -- and they are?

23         THE COURT:  Counsel representing the

24    plaintiff.

25         MR. DOSS:  Well, for Bank of New York Mellon?
```



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

1     Can we have that on the record?

2          And are you for me?  Are you the one that I

3     requested, the court reporter?

4          THE REPORTER:  I was hired through Discovery

5     Litigation.

6          THE COURT:  So, who's responsible --

7          MS. KOHN:  I believe we hired her.

8          MS. SATYAL:  I hired her.

9          THE COURT:  Okay.

10         MR. DOSS:  Because I requested one as well.

11         THE COURT:  Very well.

12         MR. DOSS:  Okay.

13         THE COURT:  All right.  Mr. Doss, anything

14    else to add before we adjourn for today, sir?

15         MR. DOSS:  Is that it?  So they -- can I have

16    their names, as well as any documentation that

17    would show --

18         THE COURT:  Documentation, no.  There's no

19    documentation that's been provided to this Court

20    today.  The purpose of this hearing was to at

21    least investigate some of these allegations that

22    relate to this case.  No further action is being

23    taken.

24         It was important to have a court reporter here

25    to have your responses recorded so that there was



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

```
 1    a record of your responses as it relates to the
 2    Court's questions.
 3         MR. DOSS:  Understood.
 4         THE COURT:  And I would like the copy of the
 5    transcript --
 6         MS. KOHN:  Yes, Your Honor.
 7         THE COURT:  -- filed in the court file.
 8         MS. KOHN:  No problem.
 9         THE COURT:  We will await word from the Second
10    District Court of Appeal.  And immediately upon
11    receiving that final ruling, we'll obviously set
12    another either case management or some other
13    hearing related to this property.  I'd like to
14    thank you all for coming today and participating
15    in this hearing.
16         MS. KOHN:  Thank you, Your Honor.
17         MS. SATYAL:  Thank you, Your Honor.
18         MR. DOSS:  Am I not going to be able to get
19    any information related to these two individuals?
20    I assume their status or standing for the bank --
21    and which bank are we talking about?
22         MS. SATYAL:  My notice of appearance is
23    recorded in the court of appeals case and was also
24    mailed to you --
25         MR. DOSS:  And you are?
```



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

 1       MS. SATYAL:  -- at the property.

 2       Debbie Satyal.

 3       MR. DOSS:  Okay.  I think I remember that.

 4       THE COURT:  Thank you all very much.

 5       MS. KOHN:  Thank you, Your Honor.

 6       THE COURT:  Have a nice day.

 7       MS. KOHN:  Yes, sir.

 8       MR. DOSS:  And you are?

 9       MS. KOHN:  I'm local counsel for the plaintiff

10  in this matter.  My name is Roberta Kohn.

11       MR. DOSS:  You're both local counsel at the

12  same time?

13       MS. KOHN:  No.  She's doing the appeal, and

14  I'm in the circuit court case.

15       MR. DOSS:  And you are?

16       MS. KOHN:  I just told you.  It's Roberta --

17       THE COURT:  Thank you.  We're done.

18       MS. KOHN:  Thank you, Your Honor.

19       (Proceedings concluded at 2:42 p.m.)

20

21

22

23

24

25


DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

1                    **REPORTER'S CERTIFICATE**

2

3    **STATE OF FLORIDA**

4    **COUNTY OF HILLSBOROUGH**

5

6         **I, Dawn M. Dantschisch, Registered Merit**

7    **Reporter, Certified Realtime Reporter, certify that I**

8    **was authorized to and did stenographically report the**
        **foregoing proceedings and that the transcript is a true**

9    **and complete record of my stenographic notes.**

10

11         **I further certify that I am not a relative,**
     **employee, attorney, or counsel of any of the parties,**
     **nor am I a relative or employee of any of the parties'**

12    **attorney or counsel connected with the action, nor am I**
     **financially interested in the action.**

13

14         **Dated this 7th day of March, 2017.**

15

16

17

18        **Dawn M. Dantschisch, RMR, CRR**

19

20

21

22

23

24

25

**DISCOVERY LITIGATION SERVICES**
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

**1**

15-CA-6133 5:11

15-CA-8473 5:11

16-CA-6505 5:10

**2**

2017 5:6,23

2:42 11:19

**3**

31 5:23

31st 5:6

**4**

4336 8:7

**5**

517 8:13

**8**

8473 5:14

**A**

able 6:14 7:20 10:18

about 10:21

Acevedo 4:16 7:13,23 8:1

action 3:17 4:24 5:1 7:11

8:9,15 9:22

actively 6:22

actually 6:4,10

add 8:18 9:14

adjourn 9:14

affidavit 4:14, 23 6:2,6 7:1

after 6:7

afternoon 3:12, 23,24

again 3:11 5:22 8:15

ahead 3:2,9

all 3:2 4:1 8:15 9:13 10:14 11:4

allegations 9:21

already 4:24 6:1

also 3:7 10:23

although 4:3

Am 10:18

announce 3:3

another 10:12

anything 3:13 8:18 9:13

appeal 3:11 4:6 5:3 6:5 10:10 11:13

appeals 10:23

appearance 10:22

appellate 3:13 5:8

application 5:5

Arguably 6:17

assume 10:20

assuming 5:7, 16

attached 6:4

attempted 4:9

auction 7:22

August 6:3

await 10:9

awaiting 4:5

**B**

back 6:9

BAILIFF 3:19

bank 8:25 10:20,21

Barbas 5:12

Because 4:11 9:10

before 5:10,11, 12 7:7 9:14

being 9:22

believe 9:7

both 11:11

bought 7:22

**C**

case 3:4 4:7,8, 12,14 5:2,7,9 6:22 9:22 10:12,23 11:14

cases 4:9 5:9, 16,18,19,20

7:16,18

checked 3:10

circuit 11:14

claimed 7:15

claiming 5:21 6:8

clearly 7:5

Come 3:19

coming 10:14

committed 6:17

concluded 11:19

conducted 7:23

conference 4:8

conflict 4:18

contravention 5:22

conversation 8:19

Cook 5:11

copy 10:4

correct 5:15

could 5:24

counsel 8:23 11:9,11

county 4:21

court 3:2,9,10, 14,25 4:3,4,6 5:1,3,15,20 6:7,9,17,21,24 7:3,6,8,13,15, 19,25 8:3,6,8, 12,14,21,23 9:3,6,9,11,13, 18,19,24 10:4,

7,9,10,23 11:4, 6,14,17

Court's 10:2

courts 5:8

Cove 8:7

**D**

David 4:16 7:13,23

day 3:12 11:6

DCA 8:17

Debbie 3:7 11:2

definitive 3:16

Department 6:19

Detective 6:21

determination 5:5

didn't 7:11

direct 4:18 5:22

Discovery 9:4

discrepancy 5:24

District 3:10 4:6 5:3 10:10

document 7:3

documentation 9:16,18,19

documents 5:7 6:10

doing 6:6 8:20 11:13

done 3:13 6:13 11:17



**DISCOVERY**
**LITIGATION SERVICES**
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

Case 8:17-cv-00653-JDW-AEP   Document 8   Filed 03/24/17   Page 62 of 66 PageID 166

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

HEARING BEFORE
Index: Doss..obviously

**Doss** 3:21,23 4:3,23 5:14,18, 25 6:12,20,23, 25 7:4,7,9,14, 18,21 8:2,5,7, 11,13,22,25 9:10,12,13,15 10:3,18,25 11:3,8,11,15

**down** 3:19

**E**

**each** 4:16 5:20

**either** 6:13 10:12

**else** 9:14

**entered** 3:21

**even** 3:10

**event** 3:16

**everything** 6:4

**explain** 5:24

**F**

**fact** 5:12

**familiar** 5:18,19

**felt** 4:6

**female** 3:21 4:2

**file** 10:7

**filed** 4:14,23 5:5 6:2,8,11 7:2 10:7

**filing** 4:20 7:11

**filings** 4:12 6:10

**final** 5:1 10:11

**finality** 5:4

**fine** 4:2 8:20

**Foster** 5:10

**four** 7:18,21

**Frank** 7:23

**further** 9:22

**G**

**give** 5:9

**given** 4:8

**going** 10:18

**good** 3:9,18, 23,24

**granted** 4:4

**H**

**having** 4:15

**hearing** 3:22 9:20 10:13,15

**here** 9:24

**hired** 9:4,7,8

**Holder** 7:5

**Honor** 8:20 10:6,16,17 11:5,18

**I**

**I'd** 7:16 10:13

**I'm** 4:2 5:7,15, 18,19 11:9,14

**I've** 6:18 7:7,19 8:19

**illegality** 7:8,10

**immediately** 10:10

**important** 9:24

**indeed** 4:11 5:2

**indicate** 4:20

**indicated** 4:12

**indigent** 4:13

**individuals** 10:19

**information** 10:19

**intent** 6:25 8:15

**intervene** 6:8

**intervenor** 4:4, 10

**investigate** 9:21

**investigating** 6:22

**issue** 6:15

**It's** 4:1 11:16

**J**

**January** 5:6,23

**join** 3:25

**Judge** 5:10,11, 12 7:5

**just** 8:2,20 11:16

**K**

**know** 5:16 7:17 8:2,18

**Kohn** 3:5,24

8:20 9:7 10:6, 8,16 11:5,7,9, 10,13,16,18

**L**

**lawful** 6:14,15

**lease** 8:10,13

**least** 4:18 7:19 9:21

**legality** 7:4

**like** 5:9 7:16 10:4,13

**Litigation** 9:5

**live** 8:3,4,5

**local** 11:9,11

**locate** 7:20

**M**

**ma'am** 3:25 8:18

**mailed** 10:24

**make** 6:14

**management** 3:4 4:7 10:12

**matter** 6:18 11:10

**Mellon** 8:25

**Michael** 6:21

**might** 4:6

**monopolized** 8:19

**morning** 3:11

**motion** 3:15 6:8

**mr** 3:21,23 4:3,

16,23 5:14,18, 25 6:12,20,23, 25 7:4,7,9,14, 18,21 8:1,2,5, 7,11,13,22,25 9:10,12,13,15 10:3,18,25 11:3,8,11,15

**MS** 3:5,7,24 8:20 9:7,8 10:6,8,16,17, 22 11:1,5,7,9, 13,16,18

**much** 3:17 11:4

**myself** 7:1

**N**

**name** 6:1 11:10

**names** 3:3 5:16 9:16

**nation** 4:22

**necessary** 6:11,13

**Negative** 5:1

**New** 8:25

**nice** 11:6

**note** 4:11

**notice** 6:4 10:22

**numbers** 5:10, 17

**O**

**oaths** 7:7

**obviously** 4:17 10:11



**DISCOVERY**
**LITIGATION SERVICES**
Court Reporting • Videography • Trial Presentations

Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

Case 8:17-cv-00653-JDW-AEP   Document 8   Filed 03/24/17   Page 63 of 66 PageID 167

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.    HEARING BEFORE
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017    Index: Oh..told

**Oh** 3:18

**Okay** 6:20,23 7:6,21 8:7,8,9 9:9,12 11:3

**one** 4:16 5:6 9:2,10

**order** 6:14

**other** 4:9 5:7,8 8:9 10:12

**our** 3:13

**out** 5:3 8:10,13

**own** 4:13,14,20

**owned** 6:9

**owner** 4:15 5:21 7:14,24

**ownership** 4:25

**P**

**p.m.** 11:19

**participating** 10:14

**Pat** 7:23

**people** 3:23

**perjure** 7:1

**perjury** 6:18

**plaintiff** 3:6,8 8:24 11:9

**point** 5:4 8:14

**pointed** 5:3

**Police** 6:19

**position** 6:15

**pretty** 3:17

**prior** 6:5 7:24

**problem** 10:8

**proceed** 3:4

**proceedings** 11:19

**productive** 4:7

**properties** 5:21,25 8:9

**property** 4:13, 15,21 6:3,5,9 7:16,22,24 8:3, 8 10:13 11:1

**provided** 9:19

**purpose** 9:20

**purposes** 8:16

**Q**

**question** 4:19

**questions** 10:2

**quite** 7:5

**R**

**real** 5:21

**receive** 8:16

**received** 4:16 7:15

**receiving** 10:11

**record** 3:3 9:1 10:1

**recorded** 9:25 10:23

**referred** 6:18

**relate** 9:22

**related** 10:13, 19

**relates** 3:14 4:19 10:1

**relationship** 7:25

**relative** 4:23 7:10

**remember** 11:3

**removed** 4:24 6:1,3,5

**repeatedly** 3:12

**reporter** 9:3,4, 24

**representation** 5:13

**representations** 4:17

**representing** 8:23

**requested** 9:3, 10

**Reside** 8:6

**responses** 9:25 10:1

**responsible** 9:6

**review** 3:15

**right** 3:2,6,20 9:13

**Roberta** 3:5 11:10,16

**room** 3:22

**ruling** 4:5 10:11

**S**

**same** 11:12

**Satyal** 3:7 9:8 10:17,22 11:1, 2

**seat** 3:19

**Second** 3:10 4:6 5:3 8:17 10:9

**see** 3:12 8:14

**separate** 7:16, 18

**set** 10:11

**She's** 11:13

**show** 6:10 9:17

**sir** 3:19,20 4:11,18 5:24 9:14 11:7

**some** 9:21 10:12

**somebody** 7:11

**sometime** 6:3

**Spinnaker** 8:7

**standing** 6:16 7:12 10:20

**state** 4:21

**statement** 5:23

**status** 4:4,8 10:20

**stayed** 3:17 8:16

**still** 4:5

**subject** 8:8

**such** 3:17

**swear** 4:14

**sworn** 4:20 5:22 7:3

**T**

**table** 4:1

**take** 3:19 6:15

**taken** 5:2 7:7 9:23

**talking** 10:21

**Tampa** 6:18

**tell** 6:21

**thank** 3:5,9 4:2 8:21 10:14,16, 17 11:4,5,17, 18

**that's** 6:11 9:19

**their** 9:16 10:20

**there's** 3:16 7:9,21 9:18

**these** 5:8,16 8:9 9:21 10:19

**think** 6:2,4,11, 12 7:9 11:3

**those** 4:17 5:20,21 8:10

**though** 3:10

**thought** 4:18

**through** 9:4

**throughout** 3:12

**time** 5:25 6:1 7:1 11:12

**title** 4:16

**today** 4:19 9:14,20 10:14

**told** 11:16



**DISCOVERY LITIGATION SERVICES**
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

THE BANK OF NEW YORK MELLON vs. MICHAEL B. WIOR, et al.
THE HONORABLE GREGORY P. HOLDER  on 02/27/2017

HEARING BEFORE
Index: transcript..you've

transcript 10:5

treating 3:15

Tuscany 8:13

two 4:17 7:16,
 19 10:19

_____
 U
_____

understand 7:4

Understood
 10:3

unidentified
 3:21 4:2

until 8:16

up 4:1

upon 10:10

us 3:25

_____
 V
_____

very 3:18 9:11
 11:4

Victor 6:22

_____
 W
_____

we'll 3:3 10:11

we're 3:17 4:5
 11:17

website 3:11

welcome 4:1

well 3:2 4:8 6:7
 7:9,19,21 8:14,
 25 9:10,11,16

went 3:9

whatever 3:15
 6:13

where 4:20
 5:12 7:11

which 4:9 8:3
 10:21

while 4:5

who 7:13,17
 8:22

who's 9:6

whom 8:22

will 10:9

willful 6:25

within 4:12 5:8

witnessed 5:12

word 8:16 10:9

would 4:19
 5:15 6:12 9:17
 10:4

_____
 Y
_____

yet 4:4,13

York 8:25

you'd 5:9

You're 8:20
 11:11

you've 6:10,17
 7:15



DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage

37 North Orange Avenue
Suite 500
Orlando, Florida 32801
321.710.2150
www.DiscoveryLit.com

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY FLORIDA

Surgret Doss
_____
Plaintiff/Petitioner or in the Interest Of

CASE NO. 15-CA-00057 1

vs.
Port Front, Bank of New York Et Al
_____
Defendant/Respondent

DIVISION: E

### APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence you must enroll in the clerk's office payment plan and pay a one-time administrative fee of $25.00. This fee shall not be charged for Dependency or Chapter 39 Termination of Parental Rights actions.

1. I have _____ dependents. (Include only those persons you list on your U.S. Income tax return.)

1a. Are you Married?... Yes..(No) 1b. Does your Spouse work?...Yes....No     1c. Annual Spouse Income? $_____

2. I have a net income of $_____ paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other_____. (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips, and similar payments, minus deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other_____. (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | |
|---|---|---|---|
| Second Job....................Yes $ ___ No | | Veterans' benefit ....................Yes $ ___ No |
| Social Security benefits | | Workers compensation ..................Yes $ ___ No |
|    For You ..............Yes $ ___ No | | Income from absent family members.....Yes $ ___ No |
|    For Child(ren) ........Yes $ ___ No | | Stocks/bonds ........................Yes $ ___ No |
| Unemployment compensation .....Yes $ ___ No | | Rental income .......................Yes $ ___ No |
| Union payments ................Yes $ ___ No | | Dividends or interest ...............Yes $ ___ No |
| Retirement/pension ............Yes $ ___ No | | Other kinds of income not on the list.....Yes $ ___ No |
| Trusts ........................Yes $ ___ No | | Gifts ...............................Yes $ ___ No |

I understand that I will be required to make payments for fees and costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | |
|---|---|---|
| Cash ....................Yes $ 600 No | Savings account ....................Yes $ ___ No |
| Bank account(s) .........Yes $ ___ No | Stocks/bonds .......................Yes $ ___ No |
| Certificates of deposit or | Homestead Real Property*............Yes $ ___ No |
| money market accounts ......Yes $ ___ No | Motor Vehicle*......................Yes $ ___ No |
| Boats* ..................Yes $ ___ No | Non-homestead real property/real estate*.....Yes $ ___ No |

*show loans on these assets in paragraph 5

Check one: I ( ) DO ( ) DO NOT expect to receive more assets in the near future. The asset is _____ M/A _____.

5. I have total liabilities and debts of $_____ as follows: Motor Vehicle $ ___, Home $ ___, Other Real Property $ ___, Child Support paid direct $ ___, Credit Cards $ ___, Medical Bills $ ___, Cost of medicine (monthly) $ ___, Other $ ___.

6. I have a private lawyer in this case .............Yes (No)

APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS (Updated 07-01-2009)

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s. 775.082, F.S. or s. 775.083, F.S.

I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed this 31 day of Jrun , 20 7 .

_____
Signature of Applicant for Indigent Status

08/05/1980
Date of Birth

_____
Driver's License or ID Number

Print Full Legal Name Surget Urnic Des

Phone Number: 813-397-9350

c/o 4336 Spinnaku Cove Ln
Address, P O Address, Street, City, State, Zip Code

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ✓ ) Indigent ( ) Not Indigent, according to 57.082, F.S.

Dated this _____ day of **JAN 31 2017** 20 ___ .        Clerk of the Circuit Court by _____

This form was completed with the assistance of: _____
                    Clerk/Deputy Clerk/Other authorized person.

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME.**
**THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision _____

APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS (Updated 07-01-2009)