UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURGRET URANIA DOSS,

    Plaintiff,

vs.                                      Case No.: 8:17-cv-653-T-27AEP

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CWALT, INC., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are six motions to dismiss by the Defendants.[1] (Dkts. 35, 36, 47, 51, 58, 59). Plaintiff filed an opposition to Bank of New York Mellon's ("BoNYM") and New Penn Financial's Motion to Dismiss (Dkt. 41). The time for him to respond to the remaining motions has passed. Those motions are deemed unopposed (Dkts. 36, 47, 51, 58, 59). *See* M.D. Fla. R. 3.01(b).

## BACKGROUND

Plaintiff filed this lawsuit seeking emergency injunctive relief to reverse his eviction from a property foreclosed by BoNYM in Hillsborough County Circuit Court ("the first foreclosure"). Plaintiff was not a party to the first foreclosure. He acquired the property by quit claim deed after BoNYM filed the first foreclosure, but before final judgment was entered and the property was sold

---

[1] The Defendants are: Bank of New York Mellon, formerly known as the Bank of New York as trustee for the certificate holders of the Cwalt, Inc. Alternate Loan Trust 2005-44, Mortgage Pass-Through Certificates, Series 2005-33 ("BoNYM"), Aldridge Pite, LLP, New Penn Financial, doing business as Shellpoint Mortgage Servicing ("Shellpoint"), the Honorable Gregory P. Holder, in his official capacity as Judge, Pat Collier Frank, in her official capacity as Clerk of the Circuit Court of Hillsborough County, Florida, Bob Henriquez, in his official capacity as Property Appraiser for Hillsborough County, Florida, and Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida.

1

at a public auction.² After final judgment was entered in the first foreclosure and the property was again sold at public auction, Plaintiff was evicted. He sought emergency injunctive relief to enjoin "all local officials" from accessing the property and to return the property to him. That request was denied and any independent claims he attempted to bring were not reviewed . (Dkt. 3). He filed an amended complaint seeking emergency injunctive relief to void the state court proceedings and allow him to reside on the property. (Dkt. 8). After his construed motion for injunctive relief was denied (Dkt. 9), his amended complaint was stricken as a shotgun pleading. (Dkt. 12). His second amended complaint arises from the first foreclosure action and eviction proceedings in Hillsborough County Circuit Court Case No. 15-CA-000071, of which this Court takes judicial notice.³ (Dkt. 19).

In Count One, he sues BoNYM, Shellpoint, and Aldridge Pite, LLP for violations of 42 U.S.C. § 1982 and § 1983. He sues Frank, Henriquez, Holder, and Chronister in Counts Two, Three, Four, and Five respectively, for violations of 42 U.S.C. §§ 1982, 1983, 1985, 1986, and breach of fiduciary duty. He sues all Defendants in Count Six for conversion.

## STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the relevant question is whether the allegations are

---

² After BoNYM initiated the first foreclosure, the homeowner's association for the subject property initiated foreclosure proceedings to recover assessments ("the second foreclosure"). While the first foreclosure was pending, final judgment was entered in the second foreclosure and the property was sold to David Acevedo at public auction. Subsequently, Acevedo deeded the property to Plaintiff by quit claim deed.

³ *See Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents in prior case as public records). The first foreclosure court records are available online at https://hover.hillsclerk.com/html/case/caseSearch.html.

sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations, not whether the plaintiff will ultimately prevail. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss, all of the factual allegations contained in the complaint must be accepted as true. *Id.* But, this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

**DISCUSSION**

### I. COUNT ONE

#### 42 U.S.C. § 1983

BoNYM, Shellpoint, and Aldridge move to dismiss the § 1983 claim contending that the allegations are insufficient to establish that these private companies engaged in state action. Plaintiff conclusively alleges that BoNYM, Shellpoint, and Aldridge are state actors. And, he alleges that BoNYM and Shellpoint, by filing the foreclosure action in Hillsborough County Circuit Court, and Aldridge, by filing a writ of possession, "owed a duty to notify [him] of the pending procedures as they might affect substantive due process rights and operate to avoid noticing [him] . . . " (Dkt. 19 ¶ 56).

To state a § 1983 claim, at plaintiff must allege that he was "'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under

3

color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

The primary tests to determine whether a state action exists are the public function test, the state compulsion test, and the nexus/joint action test. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted). The public function test applies where private actors are "performing functions 'traditionally the exclusive prerogative of the state.'" *Id.* (citation omitted). The state compulsion test applies where the "the government 'has coerced or at least significantly encouraged the action alleged to violate the Constitution.'" *Id.* (citation omitted). And, the nexus/joint action test is where "'the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" *Id.* (citation omitted, alteration in original).

Plaintiff fails to allege any facts to support his allegaton that BoNYM, Shellpoint, and Aldrige are state actors by virtue of using the state court legal process. Indeed, "one who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."[4] *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir.1985); *see*

---

[4] Apart from whether Plaintiff sufficiently alleged that BoNYM and Shellpoint were state actors, the purported § 1983 claim fails. He alleges that the failure to provide notice of the first foreclosure proceedings serves as the basis for his claim. However, BoNYM filed a notice of lis pendens in the first foreclosure on January 5, 2015. Notice of Lis Pendens, *Bank of New York Mellon v. Wior et al.*, Case No. 15-CA-00071 (Fla. 13th Cir. Ct. Jan. 5, 2015) (Dkt. 35-2). Under Florida law, "[a] lis pendens "serves as constructive notice of the claims asserted against the property in the pending litigation" with respect "to one acquiring an interest in the property after the lis pendens is filed." *U.S. Bank Nat. Ass'n v. Bevans*, 138 So. 3d 1185, 1189 (Fla. 3d DCA 2014). "One who purchases property subject to a lis pendens 'is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself.'" *U.S. Bank Nat. Ass'n v. Quadomain Condo. Ass'n*, 103 So.3d 977, 979 (Fla. 4th DCA 2012) (quoting *Greenwald v. Graham*, 100 Fla. 818, 130 So. 608, 611 (1930)). "Indeed, if such a buyer purchases the property, **he does so at his own risk because he is on notice that the property is subject to the**

4

*Shuler v. Swatek,* 465 F. App'x 900, 903 (11th Cir. 2012) (judgment creditor who caused sheriff's sale of judgment debtor's house was not a state actor). Nor is Aldridge a state actor by virtue of having filed a writ of possession.[5] Accordingly, Plaintiff's § 1983 claims against BoNYM, Shellpoint, and Aldridge will be dismissed **with prejudice**, since amending would be futile.

## 42 U.S.C. § 1982

Plaintiff alleges § 1982 violations against BoNYM, Shellpoint, and Aldridge in Count One. To state a prima facie case under § 1982, he must allege membership in a protected class, discriminatory intent, and interference with rights or benefits connected with the ownership of property. *Daniels v. Dillard's, Inc.,* 373 F.3d 885, 887 (8th Cir. 2004). Plaintiff does not allege that he is a member of a protected class or that any Defendant acted with discriminatory intent. Accordingly, his § 1982 claims in Count One will be dismissed, with leave to amend.

## II. COUNT TWO

In Count Two, Plaintiff sues Frank, in her official capacity as Clerk of the Circuit Court of Hillsborough County, for alleged violations of §§ 1982, 1983, 1985, and 1986, and for breach of fiduciary duty. Frank contends Plaintiff's claims are precluded by absolute judicial immunity, to which Plaintiff failed to respond. The crux of Plaintiff's claims against Frank are related to the property being sold at public auction in the second foreclosure proceeding and the subsequent

---

foreclosure action." *Bymel v. Bank of Am., N.A.,* 159 So. 3d 345, 347 (Fla. 3d DCA 2015) (emphasis added); *see also Eurovest, Ltd. v. Segall,* 528 So. 2d 482, 483 (Fla. 3d DCA 1988) ( a purchaser is charged "with constructive notice of, and will take title subject to, any duly recorded mortgage"). Plaintiff is therefore charged with notice of the first foreclosure.

And, even if Plaintiff were not charged with notice of the first foreclosure, under Florida law, he, as the subsequent purchaser, is generally not entitled to intervene in a pending foreclosure action against a third party. *Bonafide Properties v. Wells Fargo Bank, N.A.,* 198 So. 3d 694, 695 (Fla. 2d DCA 2016). It follows then, that as a non-party subsequent purchaser of the property, Plaintiff is not entitled to notice of the first foreclosure *See id.; Mkt. Tampa Investments, LLC v. Stobaugh,* 177 So. 3d 31, 32 (Fla. 2d DCA 2015), *reh'g denied* (Oct. 2, 2015). Notwithstanding, he attended a case management conference in the first foreclosure and is currently appealing a decision in that case. (Dkt. 19 ¶¶ 32, 33, 43).

[5] The sole factual allegation relating to Aldrige is its filing of the writ of possession. (Dkt. 19 ¶¶ 28-29).

recording of the certificate of sale, certificate of title, and the quitclaim deed through which Plaintiff acquired an interest in the property. (Dkt. 19 ¶¶ 21-24).

Nonjudicial officials, such as Frank, "are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir.1980)); *see Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 3:10-cv-423-J-34PDB, 57 F. Supp. 3d 1358, 1379, (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 626 F. App'x 935 (11th Cir. 2015) (§ 1983 and equal protection claims against state court judges who presided over state foreclosure proceedings were barred by absolute judicial immunity). Because Frank was acting in her official duty in accordance with the judicial foreclosure process, she is entitled to judicial immunity. And, since amending as to Frank would be futile, the claims against her will be dismissed with prejudice. *See William B. Cashion Nevada Spendthrift Tr. v. Vance*, 552 F. App'x 884, 885 (11th Cir. 2014) (per curiam) (affirming dismissal with prejudice of § 1983 claim based on judicial immunity).

### III. COUNT THREE

In Count Three, Plaintiff alleges Henriquez, in his official capacity as the Hillsborough County Property Appraiser, violated §§ 1982, 1983, 1985, 1986, and breached his fiduciary duty to Plaintiff for failing to protect his rights after Plaintiff "visited the Office of the Property Appraiser . . . and was given documents showing [Plaintiff] in the ownership chain of title . . . ." (Dkt. 19 ¶¶ 67-68).

Plaintiff fails to allege any facts that support his legal conclusions that Henriquez violated §§ 1982, 1983, 1985, and 1986 and breached a fiduciary duty by disclosing Plaintiff public records. Plaintiff has not alleged that Henriquez discriminated against him on the basis of his race, *Daniels*

6

*v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004), deprived him of a constitutionally protected property interest, *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003), conspired or "reached an understanding" to violate his constitutional rights, *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010), or knew of a conspiracy to violate his rights and neglected or refused to prevent it, *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997). And, Plaintiff's allegations are insufficient to show that a fiduciary relationship existed between him and Henriquez by virtue of Henriquez's capacity as the Hillsborough County Property Appraiser. *See* Fla. Const. art. II, § 5; Fla. Const. art. VIII, § 1; Fla. Stat. § 192.011; *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) ("[a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation"). Accordingly, Plaintiff's claims against Henriquez are due to be dismissed.

## IV. COUNT FOUR

In Count Four, Plaintiff alleges that Judge Holder, the presiding judge over the first foreclosure, violated §§ 1982, 1983, 1985, and 1986 and breached a fiduciary duty owed to Plaintiff during a case management conference in the first foreclosure action. Judge Holder moves to dismiss the claims and asserts judicial immunity, Eleventh Amendment immunity, and qualified immunity.

A judge is entitled to judicial immunity where "the judge deal[t] with the plaintiff in his judicial capacity" and did not act "in the 'clear absence of all jurisdiction.'" *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir.1985) (en banc) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)). Plaintiff's allegations against Judge Holder are exclusively related to Judge Holder's acts in his judicial capacity as the presiding judge in the first foreclosure. And, Plaintiff fails to allege any facts that Judge Holder lacked jurisdiction over the first foreclosure. Plaintiff's claims against Judge Holder are barred by judicial immunity.

7

Judge Holder also claims Eleventh Amendment immunity. State courts are considered "arms of the state" and are immune from suit under the Eleventh Amendment. *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir.1993); *see Caffey v. Alabama Supreme Court*, 469 F. App'x 748, 751 (11th Cir. 2012). Because Plaintiff sues Judge Holder in his official capacity, his claims are barred by the Eleventh Amendment. Further, allowing amendment of Plaintiff's claims against Judge Holder would be futile. Accordingly, Count Four is therefore due to be dismissed with prejudice. *See Vance*, 552 F. App'x at 885; *Caffey*, 469 F. App'x at751; *Kaimowitz*, 996 F.2d at 1155.

## V. COUNT FIVE

In Count Five, Plaintiff alleges that Chronister violated §§ 1982, 1983, 1985, and 1986 and breached a fiduciary duty owed to Plaintiff when his officers executed a Writ of Possession on the property on March 17, 2017. (Dkt. 19 ¶ 79). Plaintiff did not respond to Chronister's motion to dismiss.

Plaintiff's allegations are woefully insufficient to state a claim against Chronister for officers executing a writ in accordance pursuant to a court order.[6] In other words, he fails to allege the deprivation of a right secured under the Constitution or federal law by Chronister. *See Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998), as amended (May 28, 1998). And, he fails to sufficiently allege that Chronister directed the deputies to act unlawfully when executing the writ when "[t]here was no altercation . . . ." (Dkt. 19 ¶ 83).

Even if, arguendo, the deputies acted unlawfully, Plaintiff fails to allege that Chronister personally participated in the alleged unconstitutional conduct or a causal connection between the

---

[6] Notwithstanding, review of the record in the first foreclosure reveals that the original writ of possession filed on January 9, 2017 was stayed pending appeal. Order Staying Writ of Possession, *Doss v. Bank of New York Mellon*, Case No. 2D17-357 (Fla. 2d DCA Feb. 3, 2017); (Dkt. 50-26). The stay was subsequently lifted by the Second District Court of Appeal. Order Approving Writ of Possession, *Doss v. Bank of New York Mellon*, Case No. 2D17-357 (Fla. 2d DCA Mar. 6, 2017; (Dkt. 50-28). And, an Order Authorizing Sheriff to Execute Original Writ of Possession was entered. Order, *Bank of New York Mellon v. Wior, et al.*, Case No. 15-CA-000071 (Fla. 13th Cir. Ct. Mar. 16, 2017).

actions of Chronister and the alleged constitutional deprivation. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (Causal connection is established "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." (internal citations and quotations omitted, alteration in original)). Accordingly, Count Five against Chronister is due to be dismissed.

## VI. COUNT SIX

In Count Six, Plaintiff alleges that all Defendants are liable for conversion of his property. To the extent he claims that real property was converted, that claim fails. Under Florida law, "real property cannot be the subject of conversion." *Am. Int'l Land Corp. v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975).

Under Florida law, "conversion is an 'act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.'" *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993) (quoting 12 Fla.Jur.2d Conversion and Replevin § 1 (1979)). Taking Plaintiff's allegations as true, on March 17, 2017, the Hillsborough County Sheriff's Department executed a Writ of Possession pursuant to a court order. Therefore, based on his allegations, the Hillsborough County Sheriff's Office was not wrongfully asserting dominion over Plaintiff's property.[7] Plaintiff fails to allege any facts to support a claim of conversion as to any other Defendant. And, for the reasons discussed, this claim against Frank and Holder is barred by judicial immunity and barred against Holder by Eleventh Amendment immunity. Count Six, therefore, will be dismissed.

## CONCLUSION

Accordingly, Defendants' six motions to dismiss (Dkts. 35, 36, 47, 51, 58, 59) are

---

[7] *See also*, supra note 7.

**GRANTED.**[8]

The purported § 1983 claim in Count One against BoNYM, Shellpoint, and Aldridge is **DISMISSED with prejudice**. The § 1982 claims in Count One will be dismissed with leave to amend. Counts Two against Pat Frank, in her official capacity, and Count Four against the Honorable

---

[8] Defendants Aldridge, Judge Holder, and Henriquez alternatively argue that Plaintiff's claims are barred on other grounds. For the reasons discussed below, Plaintiff's claims are not barred on these alternative grounds.

*Rooker-Feldman*

Defendants Aldridge, Judge Holder, and Henriquez contend that Plaintiff's claims should be dismissed as barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine is 'confined to cases of the kind from which the doctrine acquired its name: cases *brought by* state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 1526, 161 L.Ed.2d 454 (2005)) (emphasis in original). It operates to bar federal court jurisdiction where the issue before the federal court is "'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam)).

Whether *Rooker-Feldman* applies is determined in two stages. First, the question is whether the state court proceedings have ended. *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009). And, where a plaintiff initiates the federal lawsuit before the state court proceedings have ended, *Rooker-Feldman* will not bar subject matter jurisdiction. *Id.* As Defendants Aldridge, Holder, and Henriquez recognize, Plaintiff alleges that he "filed an appeal of the state court foreclosure action and that action is currently ongoing," (Dkt. 19 ¶ 43); Notice of Appeal, *Bank of New York Mellon v. Wior*, et al., Case No. 15-CA-000071 (Fla. 13th Cir. Ct. Jan. 19, 2017); *Doss v. Bank of New York Mellon*, Case No. 2D17-354 (Fla. 2d DCA 2017). As the state court proceedings have not ended, *Rooker-Feldman* does not apply. *Nicholson*, 558 F.3d at1275.

**Collateral Estoppel**

Aldridge contends that Plaintiff's claims against it are barred by collateral estoppel. Collateral estoppel precludes the litigation of an issue that has been litigated and resolved in a prior proceeding. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). As discussed, the state court proceedings in the first foreclosure have not been resolved. Collateral estoppel therefore does not apply.

*Younger*

Holder contends that this Court should dismiss Plaintiff's claims under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The first part of the three part *Younger* analysis is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). And, in deciding whether the federal proceeding would interfere with the state proceeding, courts looks to the requested relief and its effects. *Id.* While Plaintiff "request[s] this court" to make certain declarations, construing his Second Amended Complaint liberally, Plaintiff is seeking money damages. And, unlike foreclosure cases where district courts have abstained when plaintiffs seek a declaration as to an equitable defense, a declaration that an underlying mortgage is void, or injunctive relief against the ongoing state court foreclosure proceedings, an award of money damages would not unduly interfere with state proceedings. *See Huber v. GMAC Mortg., LLC*, No. 8:11-CV-1250-T-30EAJ, 2011 WL 6020410, at *2 (M.D. Fla. Dec. 2, 2011); *Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-CV-01113-J-32, 2010 WL 5662930, at *3 (M.D. Fla. Oct. 26, 2010), report and recommendation adopted, No. 3:09-CV-1113-J-32JBT, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011); *Macleod v. Wadsworth*, No. 3:14-CV-1018-J-34MCR, 2015 WL 5895399, at *3 (M.D. Fla. Jan. 30, 2015), report and recommendation adopted, No. 3:14-CV-1018-J-34MCR, 2015 WL 5895444 (M.D. Fla. Oct. 6, 2015), reconsideration denied, No. 3:14-CV-1018-J-34MCR, 2016 WL 1755045 (M.D. Fla. May 3, 2016). Accordingly, *Younger* does not warrant abstention.

Gregory P. Holder, in his official capacity are **DISMISSED with prejudice**.

Plaintiff is granted leave to file a third amended complaint as to Defendants BoNYM, Aldridge, Shellpoint, Henriquez, and Chronister within **fourteen (14) days**. Failure to file a third amended complaint within the time permitted will result in this action being dismissed <u>without further notice</u>. If Plaintiff files a third amended complaint, he must comply with the pleading standards of Rules 8 and 10 of the Federal Rules of Civil Procedure, separate each cause of action against each Defendant, and identify the factual allegations and acts by each Defendant supporting each individual cause of action.

**DONE AND ORDERED** this 20th day of November, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff; Counsel of Record